WILLIAM H. GARDNER, Appellant, *v.* THE PEOPLE, Appellees.

### APPEAL FROM WARREN.

Before a party can be tried on an indictment, it must appear from the record that it was returned into open court.

Because an incorporated city is authorized to pass ordinances, in relation to the sale of spirituous liquors, declaring such sale a nuisance, the general law is not thereby repealed. While a license from city authorities would protect the holder of it, yet if those authorities fail or refuse to grant a license, the general law would be violated by a sale in the city limits, and the aggressor may be punished under it.

THE appellant was indicted for selling spirituous liquors, without license, at the March term, 1856, of the Warren County Circuit Court. The indictment contains two counts.

There is an entry on the record as follows, to wit:

"The People, etc., }  Indictment for selling liquor.
      *vs.* }  A true bill.
William H. Gardner. }  John Brown, Foreman.

Ordered that a capias issue herein, *instanter*, returnable to the present term of this court, and that said defendant be held to bail in the sum of one hundred dollars."

This is the first appearance of the case on the record, and there is no other entry of the return of the indictment into open court.

At the September term, 1857, before THOMPSON, Judge, the defendant having plead not guilty, was tried. The jury found him guilty, as charged in the second count. The defendant moved for a new trial, and also in arrest of judgment, both of which motions were overruled, and the defendant excepted.

On the trial, the prosecution proved that the defendant sold spirituous liquors, in a quantity less than one gill, and received ten cents in payment, in the month of March, 1857, at the defendant's drug store, in the city of Monmouth, county of Warren, and State of Illinois. That the witness told defendant, before he bought the liquor, that he was not very well, and that the witness was not, in fact, well at the time, and that he drank the liquor in the store; that the defendant kept a drug store, and the witness never bought liquor of any kind, from the defendant, but the once.

The defendant then proved, by John T. Morgan, the city clerk of the city of Monmouth, and the records of the city council, that an ordinance was passed on the 12th day of June, 1854, which had remained in force ever since, which is entitled, "An ordinance relating to spirituous, malt, fermented and intoxicating liquors."

Section 1 declares the keeping on deposit and in store, etc., for the purpose of selling, a nuisance.

Section 2 makes the selling a nuisance, and provides a penalty.

Sections 3 and 4 establish the method of proceeding for a violation of the ordinance.

Section 5 provides that the provisions of the ordinance shall not apply to the sale, etc., made by any established apothecary or druggist, for sacramental, chemical, mechanical, or medicinal purposes, provided the same is sold in good faith, under the prescriptions of a physician, or upon satisfactory assurances made by or on behalf of the person purchasing the same, in respect to the use thereof, and provided further, that said druggist shall furnish a list, under oath, to the clerk of the city council, of all

sold during the previous quarter, and then declares the druggist liable to a penalty for omitting to do so.

The ordinance was read in evidence, which was all the evidence offered in the case.

The court gave the following instructions, at the request of the prosecution, to which the defendant excepted.

" The court will instruct the jury, that if they believe from the evidence, beyond a reasonable doubt, that defendant sold spirituous liquors in a less quantity than one gallon, within eighteen months prior to the finding of the indictment, they will find the defendant guilty, although they may also believe the said liquor was sold in the town of Monmouth, if they also believe the said liquor was sold in the county of Warren and State of Illinois, if the same was not so sold in good faith, in conformity with an ordinance of the said city of Monmouth."

The reasons assigned for a new trial were, that the verdict was against the law and the evidence.

The reasons assigned for arrest of the judgment, were the want of jurisdiction in the court, and that the defendant was liable to, and controled by, a city ordinance.

The defendant in this court assigns for error, as follows, to wit:

1st. The Circuit Court erred in refusing to grant a new trial.

2nd. The Circuit Court erred in refusing to arrest the judgment.

3rd. The Circuit Court erred in entering a fine against the defendant, and rendering judgment for the fine and costs.

4th. The proceedings are otherwise informal and erroneous.

A. G. KIRKPATRICK, and GOUDY & JUDD, for Appellant.

J. B. HAWLEY, for Appellees.

WALKER, J. The defendant was indicted by a grand jury, and tried in the Warren Circuit Court on a charge of selling liquor without a license to keep a grocery. The jury found a verdict of guilty. The defendant entered a motion for a new trial and in arrest of judgment, which motions were overruled by the court, and judgment rendered on the verdict for a fine of $10 and costs; and the defendant brings the case to this court by appeal.

The motion in arrest of judgment should have been allowed by the court below. It nowhere appears from the record, that the indictment was ever returned into open court. It is error to put a defendant on trial on an indictment unless it is returned into open court, and the only evidence of that fact must be found

in the record of the case. *Gardner* v. *The People*, 3 Scam. R. 85; 4 Black. Com. 306; R. S. 1845, p. 309, sec. 3. This requirement is proper for the protection of the citizen against being forced to defend himself against charges never acted upon or presented by a grand jury. If it were otherwise, by either accident or design, he might be compelled to make such defense.

It appeared in evidence, on the trial below, that the city of Monmouth, in Warren county, was legally incorporated, and had passed an ordinance declaring the keeping of spirituous liquors on deposit or in store for sale, and selling it, a nuisance, and provided a penalty. It also provides the mode of proceeding for the recovery of the penalty. There is a provision in the ordinance that its provisions shall not apply to sales by any established apothecary or druggist, for sacramental, chemical, mechanical or medicinal purposes, provided the same is sold in good faith under the prescription of a physician, etc. There was no question raised as to the authority of the city to pass this ordinance. The evidence shows that defendant sold spirituous liquor in a less quantity than one gill, and received ten cents in payment, in the month of March, 1857, at his drug store, in the city of Monmouth, county of Warren, and State of Illinois. That this ordinance was in force and unrepealed at the time defendant sold the liquor.

It is urged that when the legislature gave to the city of Monmouth the power to license, regulate and prohibit the sale of spirituous liquors in the city limits, that they repealed section 132, of the chapter R. S. entitled criminal jurisprudence. That section imposes a penalty for selling liquor without a license. The act incorporating the city of Monmouth, gives the city the exclusive right to license the sale of spirituous liquors. If they grant a license, that license will protect the holder from the penalty of section 132. But if they fail or refuse to license the sale of such liquors, the general law of the State would be violated by their sale in the city limits. The charter of the city does not in terms repeal the general law, and if it operates as repeal, it is because the provisions of the two acts are repugnant. Jurisdiction may be concurrent and yet not repugnant. This same charter authorizes the city to levy taxes, to suppress gaming and bawdy houses, to suppress gaming, and disorderly conduct, and to impose penalties for a breach of the peace, and many other things that are prohibited by general enactments of the State; and if the grant of power to license and regulate the sale of spirituous liquors repeals the general law on that subject, it must follow that the State has, for the same reason, no power to levy taxes, to punish persons for keeping

gaming houses, for gaming, for breach of the peace, or any other offense that the city is authorized to punish, when committed in the city limits. Such a power would be antagonistic to the very principles of government. An act may, at the same time, be an offense against the United States government and also against a State government. *Moore* v. *The People*, 14 Howard R. The same act may also constitute several crimes or misdemeanors, and the trial and punishment for one will be no bar to a prosecution of another growing out of the same act. *Freeland* v. *The People*, 17 Ill. R. 380. It has been held that by the legislature conferring upon an incorporated city or town such power, does not, by implication, repeal the general law on the same subject; but to have that effect, the repeal must be express or the acts repugnant in their provisions. *The People* v. *Morris*, 13 Wend. R. 325; *Village of Rochester* v. *Harrington et al.*, 10 Wend. R. 547; *Baldwin* v. *Green*, 10 Mo. R. 410; *Harrington* v. *The State*, 9 Mo. R. 525; *Stone* v. *The State*, 8 Blackford R. 361. We are of the opinion that both reason and authority are in favor of the construction that the legislature did not, by merely giving the city the right to act, repeal the general law of the State on the same subject. What effect the recovery of a penalty under the ordinance might have, we are not now called on to determine, and until that question is presented for determination, we are not disposed to discuss it.

The judgment of the Circuit Court is reversed, and the cause remanded.

*Judgment reversed.*