# NOAH P. KELLY

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS

1 INDICTMENT—*record must show that it was returned into open court.*   Before a party can be tried on an indictment the record must show that it was returned into open court.

2. SAME.   Where the record fails to disclose such fact, a motion in arrest of judgment is good.

WRIT OF ERROR to the Circuit Court of Montgomery county; the Hon. EDWARD Y. RICE, Judge, presiding.

This was an indictment against the plaintiff in error for obtaining possession of a deed under false pretenses. The case was tried by a jury in the court below, who found the defendant guilty. A motion for a new trial was made, as, also, in arrest of judgment, both of which were overruled, and judgment entered on the verdict. One of the reasons assigned, in support of the motion in arrest of judgment, was as follows:

That it did not appear, from the record, that the indictment therein mentioned and set forth was returned into open court.

Mr. G. B. BURNETT, for the plaintiff in error.

Mr. C. M. MORRISON, State's attorney, for the people.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The record in this case proceeds as follows, after giving the ordinary convening order of the court: " This day, being the fourth day of said term of said court, the following indictment was filed in said court, to wit." This is all the record shows as to the finding of the indictment. It nowhere shows that it was returned into open court by a grand jury, or that it was ever found by a grand jury. For aught that is disclosed by the record, the so called indictment may have been placed upon the files of the court by some private person. The motion in arrest of judgment should have been sustained. *Gardner* v. *The People*, 20 Ill. 430.

*Judgment reversed.*