STATE OF OREGON, RESPONDENT, *v.* THOMAS SLY, APPELLANT.

JURISDICTION.—The Circuit Court has jurisdiction of the crime of assault and battery.

PLEA IN BAR TO INDICTMENT.—A conviction under a city ordinance for "disturbing the peace," or for "fighting in the streets," cannot be pleaded in bar to an indictment in the Circuit Court for the assault and battery committed at the same time. The two offenses are not identical.

APPEAL from Jackson County.

On December 20, 1870, Thomas Sly was tried and convicted before the Recorder of Jacksonville, for the offense of disturbing the peace, by fighting one John Pelling in the public street, in violation of a certain duly adopted ordinance of said city. He was fined ten dollars, which fine, together with the costs, he paid. Afterwards, at the November term of the Circuit Court of the State of Oregon for the County of Jackson, he was indicted for an assault and battery—the indictment charging that on December 20, 1870, he did assault and beat one John Pelling. Upon this indictment he was convicted and fined in the sum of ten dollars. From said judgment of conviction Sly appeals.

· *B. F. Dowell and John Kelsay*, for Appellant.

*J. R. Niel, District Attorney, and J. H. Stinson*, for Respondent.

By the Court, McARTHUR, J.:

The question as to the jurisdiction of the Circuit Courts over the crime of assault and battery must, we think, be answered in the affirmative. Section 537 of the Criminal

Code, which took effect from and after May 1, 1865, made the crime of assault and battery indictable in the Circuit Courts, and punishable by imprisonment in the county jail not less than three months, nor more than one year, or by fine not less than fifty nor more than five hundred dollars. By § 2, Subd. 2 (Code of Procedure in Justices' Courts, ch. 1, § 2) of the Act regulating the civil and criminal procedure in Justices' Courts, which Act went into operation May 1, 1865, jurisdiction of the crime of assault and battery, not charged to have been committed with intent to commit a felony, was also given to the Justices' Courts. The jurisdiction was therefore concurrent in all cases of assault and battery not charged to have been committed with intent to commit a felony. The sixth subdivision of the section last referred to, as amended in 1865, provided that in case of assault, and assault and battery, over which a Justice's Court had jurisdiction, the punishment should be by fine of not less than five nor more than fifty dollars. This amendment does not deprive the Circuit Courts of jurisdiction in this class of cases.

By virtue of the Act of the Legislature, incorporating Jacksonville, the common council was invested with the power to pass and enforce ordinances, punishing any and all parties who might disturb the peace by fighting in the streets, and we are of opinion that the judgment of conviction of the offense of fighting in the streets, or disturbing the peace, pronounced by the recorder under a city ordinance, cannot be pleaded in bar to an indictment in the Circuit Court, for the assault and battery committed at the same time; for the reason, that before a defendant can avail himself of the plea of *autrefois convict,* he must show the identity of the offense and of the person. (1 Chitty's Crim. Law, 462; *Wilson* v. *The State,* 24 Conn. 57; *Duncan* v. *Commonwealth,* 6 Dana (Ky.) 295; *Commonwealth* v. *Wade,* 12 Pick. 496; 4 Black. Com. 336.) The crimes, to be identical, must be the same in law and in fact. (*Commonwealth* v. *Roby,* 12 Pick. 502; *Commonwealth* v. *Bubser,* 14 Gray, 84.)

The offenses above referred to are not identical. The one is a violation of a police regulation of the municipality;

the other a violation of the criminal code of the State. Though the Recorder of Jacksonville is *ex officio* a Justice of the Peace, and might have proceeded under the State law to punish the appellant for the crime of assault and battery, yet it very plainly appears that he did not.    He saw fit only to exert his authority as Recorder, and to punish him solely for the infraction of the city ordinance. Conceding, however, that the offenses are identical, that fact cannot in this case avail the appellant, for we deem the correct view of the subject to be that taken by the Court in *Shafer* v. *Mumma* (17 Md. 331), wherein it was held that the imposition of a fine by the mayor of a city in the exercise of his police power, will not relieve the offender from liability to the State.    And this is analogous to the well-settled doctrine which holds an offender liable to be doubly punished, by the United States and by a single State, for an act violative of both a law of Congress and a State law. (*Fox* v. *Ohio*, 5 How. U. S. 410; *Moore* v. *Illinois*, 14 How. U. S. 13; *Levy* v. *The State*, 6 Ind. 281; *Waldo* v. *Wallace*, 12 Ind. 569; *Gardner* v. *The People*, 20 Ill. 430.)

It follows that the judgment of the Court below must be affirmed.

Judgment affirmed.