THE STATE OF OREGON, Respondent, *v.* ISAAC BERGMAN and A. W. BERRY, Appellants.

JURISDICTION—A SINGLE ACT MAY CONSTITUTE MORE THAN ONE OFFENSE.—A person may by the same act commit more than one crime. A city ordinance which provides for punishing an act which is already a crime under the general laws of the state, does not deprive the circuit court of its jurisdiction to indict and try persons who are guilty under the ordinance for a violation of the state law.

INDICTMENT—BUT ONE OFFENSE CHARGED, WHEN.—An indictment which charges that defendants committed an act which grossly injures the persons and property of others, and grossly disturbs the public health, and openly outrages public decency, does not charge more than one crime.

NUISANCE—INDICTMENT FOR, WHEN SUFFICIENT.—In such an indictment it is not essential to charge that the act committed was injurious to public morals.

APPEAL from Clatsop County.

Appellants were indicted for violating the provisions of section 674 of the criminal code. The section is recited in the opinion of the court. The indictment charges them in effect with keeping a slaughter-house in the city of Astoria, and there butchering cattle, etc. It charges that the act complained of "grossly injures the person and property of another," and "grossly disturbs the public health," and "openly outrages the public decency."

To this indictment defendants demurred for the reasons substantially as follows: 1. That the circuit court for Clatsop county had no jurisdiction of the offense charged in the indictment; the exclusive jurisdiction of said offense being vested in the police court of the city of Astoria; 2. That the indictment does not state facts sufficient to constitute a crime; 3. That the indictment charges more than one crime.

The court below overruled the demurrer, and defendants

having been convicted of the offense charged in the indictment, and fined fifty dollars each, appeal to this court.

*G. W. Yocum,* for appellant.

*Raleigh Stott, Prosecuting Attorney,* for respondent.

By the Court, WATSON, J.:

The first objection made by the demurrer is, that the exclusive jurisdiction of the offense charged in the indictment is vested in the police court of the city of Astoria. Subdivision 6 of section 38 of "An act entitled an act to incorporate the city of Astoria in Clatsop county, Oregon," confers upon the council of the city the right " to prevent and remove nuisances." Subdivision 19 of the same section empowers the council "to provide for the establishment of market-houses and places, and to regulate the location and management of market-houses, places, and slaughter-houses." Section 128 of the same act confers upon the police judge of the city the jurisdiction to try all nuisances defined by the city ordinances.

It is claimed by appellants that the city council did on the sixth day of December, 1876, pass an ordinance known as Ordinance 149 which provides for preventing and restraining nuisances, within the city limits, and which also provides for the location and management of slaughter-houses. It is further claimed that the acts charged in the indictment constitute no more than the crime of nuisance, and are made punishable by the ordinance before mentioned.

The indictment is for the violation of section 674 of the criminal code. That section provides as follows:

" Section 674. If any person shall willfully and wrongfully commit any act which grossly injures the person or property of another, or which grossly disturbs the public peace or health, or which openly outrages the public decency and is injurious to public morals, such person, if no punishment is expressly prescribed therefor by this code, upon conviction thereof, shall be punished by imprisonment in the county jail not less than one month nor

more than six months, or by fine not less than fifty dollars nor more than two hundred dollars."

We do not think that the jurisdiction of the circuit court to indict and try persons for offenses under the section of the criminal code just quoted, is taken away by the provisions of the act of incorporation of the city of Astoria, or by the ordinances passed in accordance therewith. It is true that the acts therein described constitute a nuisance, and that they violate a police regulation of the city which it had the authority to make and enforce, but they are also a violation of the criminal code of the state.

A person may by the same act commit more than one crime; he may thereby violate more than one statute or ordinance. The city council had the right, as a police regulation, to pass ordinances in order to prevent nuisances, and the city police court had the exclusive jurisdiction to try persons for violating such ordinances; but such ordinances do not abrogate the criminal code of the state within the city in any respect. When any person is guilty of the acts charged in the indictment, he may be tried and punished in the police court of the city of Astoria for a violation of the city ordinances, and such trial and punishment will not be a bar to a prosecution for the violation of the criminal code of the state.

We think this question is settled by the decision of this court in the *State of Oregon* v. *Sly*, 4 Or. 277. The second objection made by the demurrer is that the indictment does not state facts sufficient to constitute a crime. In support of this objection it is claimed, by counsel for appellant, that the indictment should have alleged that the acts therein charged were injurious to public morals.

We do not think the objection well taken. The statute defines the crime thus: "If any person shall willfully and wrongfully commit any act which grossly injures the person or property of another, or which grossly disturbs the public peace or health, or which openly outrages the public. decency, and is injurious to public morals," etc.

We think the crime is complete; either if the act "grossly injures the person or property of another," or "grossly

disturbs the public peace or health," or "openly outrages the public decency, and is injurious to public morals." These several necessary ingredients of the crime are mentioned in the act disjunctively, and it is enough if the act has either quality. Had the indictment merely charged that the act openly outraged public decency, it might have been necessary to have added the clause "that it is injurious to public morals," these clauses being stated conjunctively in the statute.

The third and last objection made by the demurrer is that the indictment charges more than one crime. In the case of the *State of Oregon* v. *Carr*, decided at the last term of this court, we held that "where the statute makes it a crime to do this or that, mentioning several things disjunctively, the indictment may, as a general rule, embrace the whole in a single count, but it must use the conjunctive 'and' where it occurs in the statute, else it will be defective for uncertainty." We think this decision disposes of the objection to the indictment that it charges more than one crime.

It follows that the court below did not err in overruling the demurrer to the indictment, and that the judgment should be affirmed.