Argued January 29, decided February 11, 1913.

## STATE v. BILYEU.

### (129 Pac. 768.)

**Indictment—Complaint—Duplicity—Intoxicating Liquors.**

1. A complaint, stating that defendant did wrongfully and unlawfully "sell" and "give away" intoxicating liquor with intent to evade the provisions of the local option law, charged but one crime, the unlawful disposal of liquor in prohibited territory in violation of Section 4934, L. O. L.; and hence it was not duplicitous.

**Intoxicating Liquors—Local Option Election—Posting of Notices —Sheriff's Return—Sufficiency.**

2. Under Section 4926, L. O. L., providing that the sheriff shall "briefly" enter of record his compliance with the provisions of such section as to the posting of notices of local option elections, a sheriff's return alleging receipt of notices, their contents, and the posting of same in due time at five public places in each precinct, was sufficient, though it did not state the particular point in each precinct at which each notice was posted.

**Intoxicating Liquors—Criminal Prosecution—Evidence.**

3. Testimony in a prosecution for violating the local option law that a mug in evidence, with which it was claimed defendant

dealt out whiskey, was similar to those commonly used in other establishments in dealing out soft drinks, was properly excluded as immaterial.

### Witnesses—Occupation—Cross-Examination of Defendant.

4. Where, in a prosecution for violating the local option law, the defendant testified on direct examination that he was a farm laborer and woodchopper, it was not error to permit the State on cross-examination to elicit that he had several times been employed as a barkeeper.

### Criminal Law—Appeal—Weight of Evidence.

5. The weight of the testimony in a prosecution for violating the local option law was for the jury, and could not be reviewed.

From Linn: PERCY R. KELLY, Judge.

Statement by MR. CHIEF JUSTICE MCBRIDE.

The defendant, Jake Bilyeu, was convicted in the justice's court for violation of the local option law, and appealed from a judgment of conviction to the circuit court, where he was again convicted, from which judgment he appeals to this court. The material part of the complaint, so far as it relates to this appeal, is as follows:

"On the 1st day of December, 1911, said Jake Bilyeu, in the county of Linn, State of Oregon, then and there being, did then and there wrongfully and unlawfully sell and give away intoxicating liquor to J. W. Blackburn, with an intent and purpose then and there had by him, the said Jake Bilyeu, of evading the provisions of the local option liquor law of the State of Oregon, proposed by the people by the initiative and enacted by the people of the State of Oregon by a majority of the votes cast thereon at the general election held in said State on the 6th day of June, 1904, contrary to the provisions of said law in such cases made and provided, and against the peace and dignity of the State of Oregon."

On demurrer it was urged, and is urged on appeal, that the complaint charges more than one crime, in that it charges the defendant with both selling and giving away intoxicating liquor. Error is also predicated upon

the refusal of the court to permit defendant to introduce in evidence the return of the sheriff, setting forth the manner of posting notices of the local option election, which return is as follows:

"I, D. S. Smith, sheriff of Linn County, Oregon, do hereby certify and return that on the 15th day of October, 1910, I received from the county clerk of Linn County, Oregon, certain liquor election notices, consisting of five notices for each polling place in each of the several precincts in Linn County, Oregon; that the following is a copy of said notice, to wit: 'Liquor Election Notice. Notice is hereby given that on Tuesday the 8th day of November, 1910, at the polling place in the precinct [here was inserted in each of said five notices the name of the precinct in which said notices were posted] in the county of Linn, an election will be held to determine whether the sale of intoxicating liquors shall be prohibited in Linn County, which said election shall be held at 8 o'clock in the morning and will continue until seven in the afternoon of said day.

" 'Dated this 15th day of October, 1910.'

" 'J. W. Miller, County Clerk, Linn County, Oregon.'

"That more than twelve days prior to the said 8th day of November, 1910, and subsequent to the 15th day of October, 1910, I posted five of said notices in public places in the vicinity of the polling places where said election is to be held in each of the precincts of Linn County, Oregon, viz: Albany, West Albany, East Albany, Calapooia, Know Butte, Price, Syracuse, Santiam, North Scio, South Scio, Shelburn, Kingston, Fox Valley, Rock Creek, Lacomb, North Lebanon, South Lebanon, Sodaville, Waterloo, Sweet Home, Foster, Tallman, Center, Shedds, Halsey, Orleans, Tangent, North Harrisburg, South Harrisburg, North Brownsville, South Brownsville, Crawfordsville and Jordan.

"D. S. Smith, Sheriff of Linn County, Oregon."

Other alleged errors are noted in the opinion.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. George W. Wright.*

For the State there was a brief over the names of *Mr. John H. McNary,* District Attorney, and *Mr. Gale S. Hill,* Deputy District Attorney, with an oral argument by *Mr. Hill.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

1. The offense made punishable by the provisions of Section 4934, L. O. L., is the disposal of liquor in prohibition territory. This offense may be committed either by selling the liquor or by giving it away with intent to evade the provisions of the act. There is but one crime involved in this case—the unlawful disposal of liquor. The mischief to be remedied and the punishment to be inflicted in either case is the same. Under similar statutes, it has been uniformly held in this State that, where the statute states the acts necessary to constitute the offense disjunctively, the indictment may charge all the acts conjunctively, and that such indictment will not be bad for duplicity. *State* v. *Carr,* 6 Or. 134; *State* v. *Bergman,* 6 Or. 341; *State* v. *Dale,* 8 Or. 229.

2. We are of the opinion that the return of the sheriff was sufficient. The provisions of Section 4926, L. O. L., in regard to posting notices of local option elections, and the returns of the sheriff thereon, are *sui generis,* and in no wise comparable with the provisions providing for posting notices of applications for the laying out of public highways. Section 4783, Bellinger and Cotton's Comp., now superseded, but upon the construction of which most of the decisions cited by counsel were based, required that any petition for laying out a county road should "be accompanied by satisfactory proof that notice has been given by advertisement, posted at the place of holding county court, and also in three public places in the vicinity of said road," etc. It will be noted that the posting and proof were not committed to any public officer, but might be made by any person, and in practice the proof was usually made by some person interested

in the promotion of the highway. Again, in proceedings for the laying out of highways, only four notices were required, and it was a comparatively light task to describe the method and particular place of posting. Under all these circumstances, and particularly because the notices were posted by interested parties, and not by officials, the courts of the State adopted a very strict rule in regard to the method of proof, and one which perhaps has given rise to more litigation in regard to the legality of county roads than all other causes combined. The framers of the local option law, having in mind the fact that the duty of posting election notices was performed not by interested parties but by a public official, acting under his oath of office, and mindful also that a specific return as to each notice posted would in many instances run up into hundreds of special narratives as to the time, place, and circumstances under which each notice had been posted,. proceeded to cut the routine red tape by prescribing this short and easy method of making return:

"It shall be the duty of the sheriff at least twelve days before any election hereunder to post said notices in public places in the vicinity of the polling place or places. Thereupon the clerk and sheriff shall each briefly enter. of record their compliance with the provisions of this section, and such record shall be *prima facie* evidence that all the provisions of this section have been complied with." Section 4926, L. O. L.

It is evident that it was not the intent that the old and cumbrous method employed in proof of posting highway notices should be employed. The sheriff is required to "briefly" record his compliance with the provisions of the section. The act presupposes that the sheriff has intelligence enough and a sufficient knowledge of his county to know a public place when he sees it, and that his common honesty will require him to post his notices at such places, and that, this being an official duty, he

performed it regularly. Had he been required with each of the 170 notices he was required to post to follow the formula of saying that he posted a particular notice on a particular stump at the intersection of two particular highways, where large numbers of persons were in the habit of passing, and that he posted it right side up and written right side out, six feet from the ground, and so near the road that it could be readily seen and perused by persons passing along the highway, he might have got his return completed before the time came to declare the result of the election, but he would certainly not have stated "briefly" his compliance with the section cited. The return is sufficient.

3. The State introduced in evidence a mug, and it was claimed by a witness for the prosecution that the whiskey which he bought was served therein. On cross-examination the witness was interrogated as to whether or not it was the custom of other establishments selling soda water and soft drinks to serve the same in similar mugs. The questions directed to this point were objected to by the State, and to the ruling of the court sustaining the objection the defendant excepted, and assigns error here. The fact that other dealers used similar mugs for dispensing soft drinks had no tendency to prove that defendant had not used it to deal out whiskey. The mug is an exhibit in the case, and seems a rather nondescript affair, which might be used indiscriminately to contain soda water, beer, whiskey, or milk for babies. The fact that other people used similar mugs to contain soda water, milk, or water would have not the slightest tendency to show that the defendant did not use it to hold whiskey.

4. The defendant was called upon the stand, and upon direct examination testified that he had been a farm laborer and woodchopper. Upon cross-examination it was elicited that he had at several times been employed

as a barkeeper, but that, except on one occasion, he had not followed that occupation for several years. To this line of cross-examination the defense objected, and the adverse ruling of the court is assigned as error. It was not necessary for the defense to have examined the defendant as to his occupation, but having entered upon this line of examination, and having placed the defendant before the jury in the light of a laboring man and wood-chopper, who by reason of that alleged occupation would not likely be selected for employment as a barkeeper, we think it was competent to show that he had previously acquired such experience in that occupation that his employment in such capacity would not appear so unlikely as might have appeared from his direct testimony.

Other errors are specified, but we do not deem them important, nor do we find any error in any ruling of the court during the trial.

5. On the hearing counsel discussed at length the weight of the testimony adduced on behalf of the prosecution, which to the writer does not appear to be very convincing; but this court has nothing to do with the weight of the testimony. That is a question entirely for the jury. The defendant, who testified that he was born and raised in Linn County, had a trial before a justice's court, and was convicted, and was tried before the circuit court and again convicted. The jury heard the evidence and saw the witnesses. The best judges of defendant's guilt or innocence are the jurymen of his vicinage, and a jury does not usually convict an old citizen without strong proof of his guilt; and, even if we have a doubt of defendant's guilt, we have no right to interfere with a verdict which has any evidence to support it.

The judgment is affirmed.          AFFIRMED.