Argued October 5; reversed October 25, 1932

# DE BRACKELEER *v.* KREIS
### (15 P. (2d) 377)

See 28 R. C. L. 624 (Perm. Supp., 6176).

*William G. Smith* and *E. L. Harvey,* both of Portland (Joseph K. Carson, Jr., of Portland, on the brief), for appellant.

No appearance for respondent.

BELT, J. Plaintiff alleges that she was induced through fraudulent representations to deposit $3,000 with the Oregon Industrial Loan Company. The gravamen of her complaint is thus alleged:

### "III.

"That at said time the plaintiff herein owned, possessed, and had under her control the sum of to wit: Three Thousand Dollars ($3,000); that the defendant, through its agents, employees, and officers, represented unto the plaintiff that if she would deposit said Three Thousand Dollars ($3,000) with the de-

fendant, that it, the defendant, would pay to the plaintiff interest at the rate of, to wit: Eight per cent (8%) per annum upon such amount, or upon whatever amount the plaintiff might have deposited with the defendant; that the defendant further represented to the plaintiff that she might at any time withdraw the amount deposited upon giving to the defendant sixty (60) days' notice of her desire so to do.

"IV.

"That all of the foregoing representations made by the defendant through its agents and employees were made for the purpose of deceiving and defrauding the plaintiff, were known to the defendant and its agents, officers, and employees, to be false and fraudulent, were relied upon by the plaintiff by reason whereof plaintiff was induced to deposit with and give over to the defendant, its agents, officers, and employees, the sum of Three Thousand Dollars ($3,000) on or about the 1st day of March, 1928; that the plaintiff is not familiar with business methods, does not speak or understand the English language well, and does not read English, all of which was at all times herein mentioned known to the defendant and its agents, employees, and officers who dealt with the plaintiff.

"V.

"That on or about the 21st day of June, 1929, the plaintiff notified the defendant that she desired to withdraw the sum of Two Thousand Dollars ($2,000) of the amount so deposited; that the defendant at said time notified the plaintiff that it preferred to have her withdraw One Thousand Dollars ($1,000) and that she might have the balance or any part thereof upon giving to the defendant sixty (60) days' notice to the effect that she desired to have said balance or any part thereof that at the last mentioned time the defendant paid over to the plaintiff the sum of One Thousand Dollars ($1,000); that on or about the 21st day of June, 1929, the plaintiff demanded of the defendant that she be paid the balance of Two Thousand Dollars ($2,000);

that the plaintiff has made several demands since the last mentioned date for the payment to her by the defendant of said Two Thousand Dollars ($2,000); that the defendant has refused, neglected, and failed to pay to the plaintiff the said amount or any part thereof.''

To this complaint the receiver filed a general denial. The cause was submitted to a jury and a verdict returned in favor of the defendant. The trial court, on motion, set aside the judgment and verdict and granted plaintiff a new trial. Defendant appeals.

While no brief has been filed in this court by plaintiff, we have, in the interest of justice, examined the record to ascertain whether the trial court was warranted in ordering a new trial.

The motion for a new trial was based principally on the alleged error of the court in permitting defendant, on cross-examination, to show that the plaintiff was operating a beer parlor in which gambling was permitted. On direct examination, in answer to the question, ''What kind of business have you been in, in Belgium or in this country, which had to do with selling of goods or dealing in finances, moneys?'' the plaintiff testified:

''A. I was working * * * scrub the floor and everything.

''Q. In this country?

''A. In this country and in Belgium, because I was all alone with two kids.''

The record discloses the following cross examination:

''Q. Is that the way you earned the three thousand dollars?

''A. Yes.

"Q. Isn't it a fact that you were making beer and bootlegging?

"A. That bootleggers propostion has nothing to do with this.

\* \* \* \* \*

"Q. Have you ever been convicted of a crime?

"A. Of a crime?

"Q. Yes.

"A. What kind of a crime?

\* \* \* \* \*

"Q. Isn't it a fact that you were convicted in the Federal Court on the 28th day of March, 1930?

"A. Yes."

Thereafter the record of conviction was introduced in evidence.

In our opinion the trial court did not abuse its discretion in permitting the defendant thus to cross-examine the plaintiff. This woman undoubtedly desired to pose before the jury as one who earned her living by scrubbing floors. The jury was entitled to know her in the true light in order to determine the weight of her testimony. In the early case of *State v. Bacon,* 13 Or. 144 (9 P. 393, 57 Am. Rep. 8), the rule is thus announced:

"Subject to the sound discretion of the court, a witness may be compelled to answer any question which tends to test his credibility, or to shake his credit by injuring his character, however irrelevant it may be to the facts in issue, and however disgraceful the answer may be to himself; except only that he may claim his privilege and refuse to answer a question which tends to expose him to a criminal charge."

In *State v. Bilyeu,* 64 Or. 177 (129 P. 768), the defendant on direct examination testified that he had been a farm laborer and wood chopper. It was held

not error to show, on cross-examination, that, in fact, he had several times been employed as a barkeeper. Also see *Redsecker v. Wade,* 69 Or. 153 (134 P. 5, 138 P. 485, Ann. Cas. 1916A, 269).

We see no other assignment of error which merits attention.

We find no error in the record which would warrant a reversal on appeal. The verdict of the jury was, in our opinion, in keeping with the merits of the case. We think the trial court erred in granting a new trial: *Timmins v. Hale,* 122 Or. 24 (256 P. 770).

It follows that the order of the circuit court is reversed and the cause remanded with directions to reinstate the judgment in favor of defendant.

RAND, BROWN, and CAMPBELL, JJ., concur.