## The People on the relation of Phineas Mixer v. The Board of Supervisors of Manistee County.

*City ordinances: Offenses: Criminal cases: Expenses.* Offenses against city ordinances are not " criminal cases," and the expenses of detaining persons arrested for such offenses, are not county charges, but city expenses.—*County of Wayne v. City of Detroit, 17 Mich., 390;* and *People v. Controller of Detroit, 18 Mich., 445,* explained and distinguished.

*Prosecutions under the liquor law: Sheriff's charges: County.* All prosecutions under the liquor law are criminal prosecutions, and the sheriff's lawful charges should be paid by the county.

*Constitutional law: Supervisors: Appeals: Allowing claims.* The constitutional provision prohibiting appeals from the supervisors, has not made them inde pendent of the laws in their action. They cannot lawfully allow illegal claims nor refuse to allow legal claims at the amount fixed by law, when the legislature have power to fix it.

*Supervisors: Claims against the county.* They are bound to consider all claims against the county lawfully presented, and to give the claimant an opportunity of presenting his case and proofs, and to allow for all services legally and properly rendered, the amount fixed by law, or if no amount is fixed, then such sum as they are reasonably worth.

MIXER *v.* SUPERVISORS OF MANISTEE COUNTY.

*Supervisors: Mandamus; Discretion.* A *mandamus* will not lie to control their action when they have only used their lawful discretion, and have not refused to consider a claim which they were bound to determine.

*Supervisors: Action on claims presented: Records.* They are bound in all cases, when claims are presented, to act promptly in hearing or refusing to hear them, and to put their whole action on record, so as to enable the claimant, in case of rejection, to have his rights determined by the courts.

*Heard January 14. Decided January 17.*

Application for *mandamus.*

*E. E. Benedict*, for the relator.

*B. M. Cutcheon*, for the respondents.

CAMPBELL, J.

Relator seeks a *mandamus* to obtain audit and allowances of certain claims against Manistee county, which respondents have not allowed.

These consist of several classes of claims, and are set forth as included within the following heads, for,

*First,* The confinement of persons brought to jail by the city police officers of Manistee, charged with being drunk and disorderly, contrary to the city ordinances, and temporarily confined without commitment until fit to be brought before a magistrate; and also the imprisonment of various persons convicted of violating the city ordinances against drunkenness and disorderly conduct. These items are charged at three hundred and forty-eight dollars and ninety-seven cents;

*Second,* Arresting and detaining prisoners and subpœnaing witnesses under the liquor law, forty-eight dollars and twenty-six cents;

*Third,* Summoning jurors and attending probate court on trial of offenses under the law prohibiting the sale of adulterated liquors, forty dollars and twenty cents.

*Fourth,* Hiring guns and pistols in anticipation of a riot, eleven dollars and thirty-five cents;

*Fifth,* Office rent, thirty-four dollars.

The first class of charges, for services under the city ordinances, we think cannot be reckoned as county charges. They are in no sense services rendered to the county, and there is no statute which requires the county to pay for them. City by-laws and ordinances are entirely of local application, and are intended for local benefit. They are passed by a body independent of the county, and in whose action the county has no voice. The suppression of crime and disorder is made chargeable on the county in many cases, not so much because the county, as such, is concerned, as because the county is the division of country set apart for all ordinary jurisdiction in criminal matters, and the expenses have been usually apportioned over the region in which such courts and their juries act. But the municipal expenses of city police matters have been quite as uniformly made chargeable to the city itself, and in the absence of any statute to the contrary, such must be the rule of law.

The only suggestion to the contrary is based on the charter of Manistee, allowing or requiring offenders convicted under city ordinances to be confined in the county jail; coupled with the statute which makes fees in criminal cases chargeable to the county.—*2 Comp. L. 1871, ch. 240, p. 2060–1.*

The term "criminal cases," used in the laws, refers to none but prosecutions under the state laws. In *Jackson v. People, 8 Mich.,* 262, and *People v. Jackson, 8 Mich.,* 110, we held that cases under city ordinances, could not be brought into this court by writ of error, or exceptions, but must come up on *certiorari.* They resemble criminal cases only in being penal proceedings, but no offense is a crime, which does not violate the law of the land. The prosecutions

in those cases which gave rise to the controversy in *County of Wayne v. City of Detroit, 17 Mich. R., 390*, and *People v. Controller of Detroit, 18 Mich., 445*, were had before the police justice, on charges which were put under his jurisdiction directly, and in terms, by the charter of Detroit, which is a state law, and not merely by ordinances passed under it, and were offenses against the general laws of the state, which we held did not cease to be such because the city saw fit to prohibit them by ordinance. The jurisdiction to punish them, and the measure of punishment, in cases not coming directly under the general laws, were not dependent on the ordinances, but fixed by the charter, and the question of liability to pay expenses, did not arise. The only question was concerning the disposal of penalties for such offenses.

But where the prosecutions are entirely under city ordinances, and by tribunals not acting under the criminal laws of the state, the question of expenses, whether the acts might or might not have been subject to prosecution under state laws, must depend on the jurisdiction under which they are incurred. The state has not seen fit to charge to the county any portion of such expenses, and they cannot be so charged without some authority of law. They must be considered as a part of the expenses attendant upon the police system of the city. The law permitting the use of the jail, has no provision to the contrary.

Prosecutions under the liquor law, are criminal prosecutions, and the sheriff should be paid such fees as are allowed by law, for services actually rendered in the necessary course of his duty.

The same remark will apply to the services rendered in the probate court. We cannot consider such a grave question as the validity of the statutory provisions under which these claims are set up, on such an imperfect record as

the present one, or without thorough argument upon tangible points. Our attention has not been called to any special difficulties, and we shall not anticipate them.

The other items are of such a nature that the determination of the supervisors would be conclusive upon amounts, as well as upon the propriety of making any allowance whatever; and therefore they cannot, under any circumstances, be the subject of a *mandamus*.

The constitution, making the supervisors an auditing body, without appeal, does not make them independent of law. They could not lawfully allow claims which are illegal, as we had occasion to decide recently, in the case of *People ex rel. Kennedy v. The Treasurer of Wayne County, 25 Mich., 83.* Nor can they properly refuse to pay claims fixed by law, and determinate in amount, in those cases where the legislature have power to govern the amounts.— *People ex rel. Schmittdiel v. Auditors of Wayne County, 13 Mich. R., 233; People ex rel. Bristow v. Supervisors of Macomb County, 3 Mich. R., 475.*

Their functions are two-fold. When claims are presented which have not yet been liquidated by any authority which concludes them, they are required: *First*, to allow the claimant an opportunity to be heard by such proofs as he may desire to offer, to show that he has rendered the services, and that they were necessary or proper to be rendered; and *second*, to allow him such compensation as he should receive therefor, whether fixed by law or contract, or dependent on their own determination, as the case may be.

They are bound in all cases to act fairly, and to give every claimant a full opportunity of presenting and establishing his case, and they are bound to give its proper effect to all testimony laid before them, in the same manner in which courts and judicial bodies are expected to give effect

to proofs in the course of justice; and they are also bound to come to a decision upon the merits of each claim, or distinctly record the fact that they reject it as not properly admissible, so as to enable the party to obtain a judicial decision, whether they are bound to consider it.

A *mandamus* must issue, directing the board to consider and determine upon the accounts presented, except those for services to the city of Manistee, and to permit the relator to introduce such proofs as he may offer, to establish his claims in the premises.

The other Justices concurred.