## Michael Hickey v. Board of Supervisors of Oakland County.

*How. Stat. sec. 9054—Only allows for actual attendance by a constable on a trial or examination before a magistrate on the order of such court—Board of supervisors—Allowance of claims by—Duty to allow claimant a hearing upon such proofs as he may desire to offer—And such compensation, whether fixed by law or contract, or resting in its discretion, as he should receive for services rendered—Bound to act fairly, and upon testimony offered, the same as courts and other judicial bodies—And to come to a decision upon the merits of each claim—Or, if it is rejected, to distinctly record that fact, and thus enable the claimant to obtain a judicial decision in the premises—Duty of claimant to attend upon session of board and offer his proofs—Board should fix time and place for hearing same—But is not expected to look up witnesses or take proofs on its own motion—Or give notice of the time and place for such hearing other than that furnished by its regular proceedings—Of which claimant is bound to take notice—Filing account with clerk will not subject board to mandamus proceedings for failure to pass upon same—But claimant must appear and request such action—And offer to prove his account—Affidavit in which claimant swears that the annexed account is just and true, and has never been paid, in whole or in part — Is insufficient to establish its correctness or warrant its allowance.*

1. Under How. Stat. § 9054, allowing a constable a *per diem* compensation for attending court on the order of a magistrate, no fees can be charged for *constructive* attendance, nor for *actual* unless a trial or examination is being held *at the time* before such magistrate.

2. When claims are presented for allowance to a board of supervisors which have not been liquidated by any authority which concludes that body, it is required to allow the claimant an opportunity to be heard upon such proofs as he may desire to offer in support of his claim, and to allow him such compensation as he should receive therefor, whether fixed by law or contract, or dependent on its own determination. Such board is bound to act fairly, and to give proper effect to all testimony laid before it, in the same manner as courts and judicial bodies are expected to in the course of justice; and to come to a decision upon the *merits* of *each* claim, or distinctly record the fact of its rejection as not properly admissible, so as to enable the claimant to obtain a judicial decision whether the board is bound to consider such claim.

3. It is the duty of a claimant to attend upon the session of the board

and offer his proofs in support of his claim, and the board should fix a time and place for hearing the same; but it cannot be expected, on *its own motion*, to find witnesses or take such proofs, or give notice of the time and place for such hearing other than such as occurs in the course of its proceedings, of which the claimant must take notice.

4. A party filing his claim with the county clerk cannot put the board of supervisors in default for not passing upon the same, and obtain a *mandamus* compelling such action, without appearing before the board or its committee and *requesting* such action and *offering* to submit proof of the correctness of such claim.

5. A constable presented an account for allowance by the board of supervisors, made up of charges for official services claimed to have been rendered in criminal cases, verified by his affidavit, in which he swore that the account " was just and true, and that the same, or any part thereof, had not been paid."

   *Held*, that such affidavit was insufficient to establish the justness or correctness of the account, or to prove that it was a *proper* charge to be allowed and paid from the treasury of the county.

Mandamus.   Submitted on briefs May 11, 1886.   Denied June 24, 1886.   The facts are stated in the opinion.

*Thomas J. Davis* and *John Fitzpatrick*, for relator :

An allegation not denied by the answer is admitted : *Davis v. Lansing*, 31 Mich. 490 ; *Roscommon v. Midland Supervisors*, 49 Id. 457.

Every intendment is made against returns which do not answer the important facts :  Tapping on Mandamus, 349, 350.

The board was bound to come to a decision on the merits of each claim, or distinctly record the fact of its rejection : *Mixer v. Supervisors of Manistee Co.*, 26 Mich. 422.

*Arthur R. Tripp*, for respondent :

The facts set forth in the answer are to be taken as true, and nothing contained in relator's petition or accompanying affidavits, not admitted in the return can be insisted upon as *facts* in this case:  *People v. Comr. of Land Office*, 19 Mich. 470 ; *Mead v. Treasurer of Ingham County*, 36 Id. 416.

A demand by the relator for the specific action sought to be compelled is a condition precedent to this application : Tapping on Mandamus, 282–5 (star paging); Wood on Mandamus, 57–9 ; Moses on Mandamus, 18, 202–8.

And this is the general rule :  *Prescott v. Gonser*, 34 Iowa,

175 ; *Scripture v. Burns,* 59 Id. 70 ; *Alexander v. McDowell,* 67 N. C. 330 ; *State v. Davis,* 17 Minn. 429 ; *State v. Macdonald,* 30 Id. 98 ; *Kemerer v. State,* 7 Neb. 130 ; *Butler v. Supervisors of Saginaw County,* 26 Mich. 26 ; *Le Roux v. Bay Circuit Judge,* 45 Id. 416.

The relator's affidavit attached to his account was *ex parte,* and the board was not obliged to consider it, but was entitled to legal evidence: *Clark v. Ingham Co. Supervisors,* 38 Id. 658 ; *Macdonald v. Muskegon Co. Supervisors,* 42 Id. 545.

CHAMPLIN, J.  Relator presented to the board of supervisors for Oakland county for allowance his claim for services as a constable in the administration of the criminal law.

A copy of the account is attached to his petition. It was verified by his own oath " that the within account is just and true, and that the same, or any part of the same, has not been paid." His petition states that he presented his account to the board on the eleventh of January, which was the first day of an adjourned session, and that his account was referred to the committee on claims, who received and considered the same, and, after examining the account, and due consideration, they reported to the board and recommended that it be allowed at $123.48,—they having deducted therefrom items amounting to $5.20 ;

" That the board arbitrarily, and without considering the proof and verification of your petitioner's claim submitted to said board by your petitioner and attached to his said claim, and without passing upon your petitioner's said claim on the general principles governing judicial bodies, disallowed twenty-five per cent. of the amount found and reported by said committee of said board, as aforesaid, to be due to your petitioner upon said claim, and after said committee of said board had deducted from said claim every item and parts of items therein not found to be supported by the proofs submitted to said committee in support of said claim."

He further alleges that no proof in opposition to petitioner's claim, or any item or charge in it, was offered, received, or considered.

The relator then states, in his petition for *mandamus*, as follows:

"12. Your petitioner further shows that said board of supervisors refused to inquire into, investigate, examine, and consider his said account, and refused to and did not consider and come to a decision upon the merits of each one of the several items of your petitioner's said account and claim, and refused to and did not decide, pass upon, or record the fact that they rejected any or all of the several items and charges in said account and claim as not properly admissible, which account your petitioner submits the said board well knew was meritorious and just; that they were not ignorant of the premises, but disregarded their duty therein, and refused, though thereto requested by your petitioner, to audit and allow the said account of your petitioner, and to draw their warrant upon the county treasurer for the payment of the same, but said board did then and there audit and allow seventy-five per cent. of said account as reported by said committee, and did disallow, reject, and cut out of said account, so as aforesaid reported by said committee, without designating the items therein by said board deemed improper, unlawful, or unjust, to the extent of twenty-five per cent. of said account as reported by said committee on constable claims, to the great damage and grievance of your petitioner; that said board, during its action on your petitioner's said account as reported by said committee, did not ask, require, or permit your petitioner to make proof of any of the charges and items contained in said account, and said board did not then and there make general nor specific objection to all or any item or charge contained in your petitioner's said account as reported by said committee or as filed by your petitioner.

"13. Your petitioner further shows that said board of supervisors, on the same day, soon after auditing and allowing his said account as aforesaid, adjourned without day."

The respondents have answered, from which it appears that the account of the relator was at first disallowed, and that vote reconsidered, when a motion was made to allow the account as reported by the committee. An amendment was moved to allow the account at a sum 25 per cent. less than reported by the committee, which prevailed, and the account was then allowed at $92.61.

The respondents deny that the relator actually rendered,

in the necessary course of his duty, each and every service charged by him in his account, or that said account, to the amount of $128.68, was due from the county; and they say that $92.61 is all that should have been allowed upon said account.

They deny that, in disallowing 25 per cent. of the account, they acted arbitrarily and without considering the proofs submitted to them, and they insist that no proofs were offered, tendered, or submitted to them in support of the account other than the affidavit of relator thereto attached, which they allege they were not in duty bound to consider or receive as sufficient proof of such claim; and they deny that they refused to inquire into, investigate, examine, and consider the account of the relator, or did not consider or come to a decision on the merits of the same, but they admit that they did not specify the items of said account which they disallowed, nor were they requested or required so to do.

They say that the amount deducted from the account does not exceed the amount of illegal charges, over-charges, and discretionary charges in said account contained, as appears from the account itself as itemized and presented to the board for examination and allowance.

Upon an examination of the account, it appears upon its face that it contained charges not proper to be allowed at the full extent charged.

Under date of October 15 there are charges in two criminal cases, both before Justice Crawford, and this item occurs four times under that date, viz:

"To one-half day attending court, by order of court, $.50."

The statute does not allow for constructive attendance. It reads:

"For attending any court by order of the magistrate or officer before whom a trial or examination is being held, when not in charge of a jury, one dollar per day for each day, and fifty cents for each half day, so actually attending."[1]

---

[1] How. Stat. § 9054.

No fees can be charged for attending court by order of court unless there is a trial or examination being held by the magistrate or officer at the time, and then only for actual attendance. There are several charges of this kind in the account where it does not appear that any examination or trial was being held.

Under date of December 16 is a charge for "12 miles travel on sub., unable to find witness, $.96." There are other items which would need explanation and proof to make them proper charges against the county, notably cases where the services were rendered in "drunk and disorderly offenses."

It was said in the case of *Mixer v. Supervisors of Manistee Co.*, 26 Mich. 426, that the functions of the board of supervisors in examining and allowing accounts were twofold.

"When claims are presented which have not yet been liquidated by any authority which concludes them, they are required—

"*First*, to allow the claimant an opportunity to be heard, by such proofs as he may desire to offer, to show that he has rendered the services, and that they were necessary or proper to be rendered; and,

"*Second*, to allow him such compensation as he should receive therefor, whether fixed by law or contract, or dependent on their own determination, as the case may be.

"They are bound to act fairly, and give every claimant a full opportunity of presenting and establishing his case, and they are bound to give its proper effect to all testimony laid before them, in the same manner in which courts and judicial bodies are expected to give effect to proofs in the course of justice; and they are also bound to come to a decision upon the merits of each claim, or distinctly record the fact that they reject it as not properly admissible, so as to enable the party to obtain a judicial decision whether they are bound to consider it."

We have no hesitancy in saying that it is the duty of the person presenting a claim to attend upon the session of the board and offer his proof. It is for the board to fix the time and place when they will consider the claim and hear the proofs. But they cannot be expected to go about to find

witnesses or take proofs in support of a claim, or to give notice, other than such as occurs in the course of their proceedings, of the time when they will hear proofs upon claims submitted to them; and of this all interested must take notice. Until some appearance is had before the board or its committee, or some proof offered in support of a claim presented, the board cannot be considered in such default as will lay them open to be proceeded against by the process of *mandamus*.

If they are to act judicially, and receive and give effect to testimony, some person must present such testimony for their consideration. An affidavit such as is attached to the relator's account falls far short of establishing either the justness or correctness of the account, or of proving it to be a proper charge to be allowed and paid from the treasury of the county. The relator asserts that the board refused to inquire into or investigate his account, and refused, although requested by him, to audit and allow the account. They deny this, and assert that he made no offer of any proof, and none was offered save the affidavit annexed, which they deny amounts to proof. The answer must be taken as true; and from that it appears that the board was not in default for refusing to hear proofs, or giving the relator an opportunity for furnishing them. This lies at the foundation of the relief by *mandamus*.

A party cannot, by filing a claim with the county clerk, who is the clerk of the board, and then giving no more attention, obtain a *mandamus* to compel the board to investigate, without first making some request of the board to act, and offering to produce proof of the correctness of his claim. All the relator asks is an order upon the supervisors, commanding them to investigate and hear proofs, and pass upon the items of the account. This they have not refused to do, and until they do so a command is unnecessary. It is not necessary to decide whether, had they rejected the whole account, they should be compelled by *mandamus* to consider and investigate it. That would depend upon whether the claimant had neglected to appear and produce proof after having

had a reasonable opportunity to do so, and perhaps upon other circumstances.

The relator is entitled to have his account investigated, and to produce proof in support of his claim, and to have each item thereof passed upon separately, and a record made of such as are rejected; and should the board refuse to hear him or afford him an opportunity to establish his account, he will be entitled to the writ prayed for.

Under the facts appearing upon the pleadings, the present application must be denied.

The other Justices concurred.

