MILLER v. HOFFMAN.

1. IMPOUNDING ANIMALS—CHARGES—APPRAISAL—HEARING.

    3 Comp. Laws, § 10698, declares that, if the owner of beasts
    which are impounded shall be dissatisfied with the claim of
    the impounder, he may have the amount for which he is liable
    determined by persons appointed for that purpose by a jus-
    tice. *Held,* that, in view of constitutional principles, there
    is a necessary implication that the impounder shall have an
    opportunity to be heard on the award of the appraisers.

2. SAME—REPLEVIN—EVIDENCE.

    One impounding beasts refused to deliver them on tender of
    the amount found by appraisers to be his due, the award
    having been made without notice to him. In replevin by the
    owner, the award was admitted in evidence, but the court
    charged the jury that it was not binding. *Held,* that, it
    being apparent that the jury were influenced by the award,
    its admission was reversible error.

3. SAME—DAMAGES—PENALTY.

    3 Comp. Laws, §§ 10688, 10689, provide, in substance, that,
    when swine are distrained for "going at large" contrary to
    law, the distrainer shall be entitled to 10 cents per head.
    Section 10691 provides that when one is injured in his land by
    swine, etc., he may recover his damages by action, or by dis-
    training them as thereinafter provided. *Held,* that, where
    swine trespassing on the land of another are distrained by
    the landowner, he is confined to his damages, and is not en-
    titled to the penalty of 10 cents a head; the swine not being
    "at large," etc., within the statute.

4. SAME—NOTICE.

    3 Comp. Laws, § 10695, provides that, on the impounding of
    beasts, the impounder shall give the owner notice containing
    a statement of the cause of impounding. *Held,* that one im-
    pounding swine, and giving notice that the cause was their
    presence on his land, was bound by the notice, and could not
    thereafter claim the penalty given by sections 10688 and
    10689.

5. APPEAL—TRIVIAL MATTERS.

    While protracted litigation over trivial matters may be re-

grettable, a party may prosecute his case to the court of last resort in the assurance that he will be protected in his legal rights.

Error to Lapeer; Smith, J. Submitted October 21, 1903. (Docket No. 55.) Decided January 5, 1904.

Replevin by Martin Miller against Hubert Hoffman. From a judgment for plaintiff, defendant brings error. Reversed.

*W. E. Brown*, for appellant.

*I. J. Kohler*, for appellee.

CARPENTER, J. This is an action of replevin to recover the possession of 16 hogs belonging to plaintiff, and distrained by defendant. Plaintiff and defendant own and occupy adjoining farms, situated in the township of Burnside, in the county of Lapeer. On the 9th of May, 1901, the hogs in question strayed from plaintiff's premises onto the highway, and thence onto defendant's premises. Defendant impounded the hogs, and notified plaintiff in writing, "Your hogs or shotes are on my premises, and you can get them by paying 50 cents a head for damages and trouble and feeding." Plaintiff, thinking this charge extravagant, applied on the following day to a justice of the peace for appointment of appraisers. Two appraisers were appointed. They visited defendant's premises during his absence, and appraised the damages at $1. Plaintiff tendered this amount. Defendant refused to deliver the hogs, and served a second written notice, more specific than the first, and at the same time made a verbal demand of 10 cents a head penalty. Thereupon this suit was commenced by plaintiff, who recovered a verdict in the court below. Defendant seeks a reversal of the judgment, for reasons which will be stated and discussed.

It is contended by the defendant that the court erred in admitting in evidence the award of the appraisers, because it was made without giving him an opportunity of being

heard. The statute which authorizes the award (see 3 Comp. Laws, § 10698) does not expressly provide that this opportunity shall be given. In our judgment, however, this is necessarily implied. It is repugnant to sound principles of constitutional law that one's rights shall be determined by a proceeding which does not afford him that opportunity. See *United States Trust Co.* v. *Insurance Co.*, 18 N. Y. 199; *Pennoyer* v. *Neff*, 95 U. S. 714; Cooley, Const. Lim. (6th Ed.) p. 431; *Gilson* v. *Munson*, 114 Mich. 671 (72 N. W. 994). The propriety of enforcing this principle is illustrated in this case. According to the testimony of one of the appraisers, there was included in the award no allowance whatever for feeding and caring for the hogs. Defendant was entitled to such an allowance (see sections 10693, 10694, 3 Comp. Laws), and, according to his testimony, it constituted the largest item of his claim.

It is urged by the plaintiff that for the error in admitting the award in evidence the judgment should not be reversed, because the trial court correctly instructed the jury that the award was not a binding determination. We think this is not a sufficient answer. The trial court left to the jury the issue of whether the $1 tendered was sufficient to compensate all the claims of defendant. We are persuaded that the jury, in finding that it was, was largely influenced by the incompetent award. We conclude, therefore, that the admission of the award in evidence was reversible error.

Defendant contends that the court erred in not charging the jury that he was entitled to a penalty of 10 cents a head for taking up and distraining plaintiff's hogs. This penalty of 10 cents a head is given when animals are taken up and distrained "for going at large contrary to law, or contrary to any by-law of a township." Sections 10688, 10689, 3 Comp. Laws. Defendant distrained plaintiff's hogs because they trespassed upon his land. In doing this he acted upon the authority contained in section 10691, 3 Comp. Laws. This section reads:

"When any person is injured in his land by sheep, swine, horses, asses, mules, goats, or neat cattle, he may recover his damages in an action of trespass or trespass on the case against the owner of the beasts, * * * or by distraining the beasts doing the damage, and proceeding therewith as hereinafter directed."

One proceeding under this section is by this language limited in his recovery to the damages. In other words, under the proper construction of the statute, beasts are not going at large contrary to law when they are trespassing upon the land of another.

Nor is defendant in a position to claim this penalty because these hogs had been at large in the public highway just before they trespassed upon his land. If one on whose land animals commit a trespass can ever exact the penalty under consideration because those animals have come onto the land from a highway (a point which we do not undertake to determine), defendant must be held to have waived that claim. The claim of the penalty is inconsistent with the claims asserted by defendant in the first notice served on plaintiff. He was bound in that notice to state "the cause of impounding." 3 Comp. Laws, § 10695. Plaintiff was not informed by that notice that the hogs were impounded because they had been in the highway, and he had a right to act and did act upon the assumption that the cause of impounding therein stated was accurate.

We do not think the other errors relied upon raise any question which demands consideration.

It is to be regretted that the parties to this suit should have so much and so expensive litigation over so trivial a matter. We cannot, however, overlook the fact that grievances arising from small matters are often serious, and would be intolerable if they could not be redressed. It will greatly aid to secure a certain recognition of one's rights in such matters if it is understood that they will certainly be enforced if an appeal is made to the courts. When defendant brings to this court litigation arising out of his attempt to enforce a clear legal right, though trivial

it may be, his claim to have the controversy decided by the appropriate rules of law cannot be denied; and as, in our judgment, the record in this case shows error to his prejudice, we do not, as we should not, hesitate to grant relief.

The judgment is reversed, and a new trial ordered.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. MOORE, C. J., did not sit.