CITY OF MONROE *v.* BOARD OF SUPERVISORS OF MONROE COUNTY.

1. CERTIORARI—OBJECTIONS REVIEWABLE.

   On certiorari to review the granting of a mandamus, relator cannot object to the consideration of a finding below on the ground that it contradicts an averment in his answer on which no issue was taken, unless he assigns it as error in his affidavit for certiorari.

2. SAME—FINDINGS BELOW—MANDAMUS.

   The court cannot disregard the findings of the court below though they are contrary to statements in respondent's return on which no issue was taken.

3. HEALTH — CONTAGIOUS DISEASES—CLAIMS— POWER OF SUPERVISORS—ACT OF 1903.

   Boards of supervisors have no power, under Act No. 7, Pub. Acts 1903, to reject a claim for services rendered by order of a board of health, without giving the claimant an opportunity to be heard and to present proof in its support.

4. SAME—POLICE SERVICES.

   A claim presented to a board of supervisors by a city for the services of a "special policeman" in "smallpox cases," cannot be peremptorily rejected on the ground that the claim shows on its face that it was for "policing" the city.

Certiorari to Monroe; Lockwood, J. Submitted May 17, 1904. (Calendar No. 20,470.) Decided October 4, 1904.

Mandamus by the city of Monroe to compel the board of supervisors of Monroe county to fix a time and place for the hearing of evidence respecting a certain claim. There was an order granting the writ, and respondent brings certiorari. Affirmed.

*John J. Kiley*, City Attorney (*C. A. Golden*, of counsel), for relator.

*Thornton Dixon* and *Willis Baldwin*, for respondent.

PER CURIAM. A writ of certiorari was issued to bring before us a mandamus proceeding instituted in the circuit court for the county of Monroe. That court awarded a mandamus requiring respondent to fix a time and place for the hearing of evidence to be produced before them respecting a certain claim of relator's which it once rejected. Respondent asks us to vacate said order.

The facts, as appear from the petition of relator, answer of respondent, and findings of the lower court, are these:

In May, June, and July, 1903, two cases of smallpox appeared in the city of Monroe. Relator's board of health took charge of these cases, and, besides engaging physicians and nurses, it employed a watchman to prevent communication between the afflicted persons and the public. The bill for the services of the watchman, after having been paid by said relator, was by it presented to said respondent. It described the services as those of a "special policeman" in a "smallpox case," and named the individual at whose residence they were performed. Attached to the bill was a formal certificate, signed by the president and secretary of relator's board of health. It was therein certified that the services were rendered in pursuance of an order of the board of health; that they were rendered to prevent the spread of smallpox, and for the safety of the inhabitants of said township; that the sums charged are reasonable and just; that the person for whom rendered, his parents, or other persons liable for his support are unable to pay for the same; and that the bill had been examined and approved by said board of health. Respondent rejected said bill without taking any testimony or making any investigation except that the chairman of its committee on claims and accounts made a casual outside inquiry of some of relator's citizens.

The trial court also found, as appears from the order complained of, as well as from the opinion filed:

"That before the said claim of relator was rejected the relator offered to produce before the respondent   *   *   *

evidence tending to prove the legality of said claim, and it further appeared from the evidence that subsequent to the rejection of said claim the relator again offered to produce evidence before the respondent board tending to show the legality of its said claim, which offers, were ignored by the respondent board."

Appellant objects to our considering the latter finding because it is directly contrary to an averment in respondent's answer upon which no issue was taken. In our judgment, respondent cannot insist upon this objection, because it is not raised by any of the assignments of error in its affidavit for the writ. See *Grand Rapids, etc., R. Co.* v. *Weiden,* 69 Mich. 572 (37 N. W. 872). Nor can we disregard this finding—which is supported by testimony—and say, as requested by appellant, that full opportunity was given relator to have witnesses sworn. See *Hyde* v. *Nelson,* 11 Mich. 353; *Linn* v. *Roberts,* 15 Mich. 443; *Lynch* v. *People,* 16 Mich. 472.

The circuit judge made the order complained of upon the ground that the method of procedure adopted by respondent did not give relator the opportunity of being heard, to which by law it was entitled. What, if any, opportunity of being heard, did the law give relator? This depends upon the proper construction of the following part of Act No. 7 of the Public Acts of 1903:

"The said board of supervisors shall, as soon as may be, proceed to audit the said bill, and if found that the expenses were necessarily incurred, the services actually and necessarily performed, and the amounts claimed for such expenses and services are severally just and reasonable under the circumstances, the said board of supervisors shall allow the same or such parts thereof as the majority of the members-elect of said board shall deem just, and provide for their immediate payment by the said county, and in auditing such accounts, said several boards of supervisors shall have full power to examine into the merits of all claims presented to them in accordance with the provisions herein contained, and may subpœna witnesses and take any other measures necessary to arrive at the truth of the same."

It was intended by this law to give the boards of supervisors the right, which they did not theretofore have (see *Elliott* v. *Board of Sup'rs of Kalkaska Co.*, 58 Mich. 453 [25 N. W. 461, 55 Am. Rep. 706]), of determining the propriety and reasonableness of bills incurred by local boards of health. It is conceded by the relator and by the circuit judge that under the new law above quoted the decision of boards of supervisors which have legally investigated such bills is final. But can such a bill be rejected without giving to the claimant who presents it an opportunity of being heard? While the statute does not expressly provide that this opportunity shall be given, such a provision is necessarily implied. See *Miller* v. *Hoffman*, 135 Mich. 319 (97 N. W. 759); *Gilson* v. *Munson*, 114 Mich. 671 (72 N. W. 994). See, also, *Mixer* v. *Board of Sup'rs of Manistee Co.*, 26 Mich. 422; *Hickey* v. *Board of Sup'rs of Oakland Co.*, 62 Mich. 94 (28 N. W. 771).

While it is difficult to say precisely what opportunity of being heard must be given a claimant, we must regard it as settled by our decisions that the opportunity of presenting proofs which tend to establish the validity of his claim cannot be denied him (see *Mixer* v. *Board of Sup'rs of Manistee Co.*, supra) in any case in which he has offered to produce such proof. See *Hickey* v. *Board of Sup'rs of Oakland Co.*, supra.

It may be that cases may arise where courts might properly say that the denial of the right to introduce testimony was not prejudicial. Perhaps this would be such a case if relator's claim appeared on its face, as respondent contends, to be a claim for "policing" the city of Monroe. It might forcibly be argued in such a case that it is so obvious from the inspection of the bill that the charge is improper that relator is not prejudiced by not being permitted to introduce testimony. The bill in question, however, does not appear on its face to be for policing the city. It appears to be for the services of a "special policeman" in "smallpox cases." If it cannot be inferred from the bill

and the certificate thereto attached that such services were necessary, surely that fact might be established by testimony.

It follows that, in our judgment, respondent, in ignoring relator's offer to produce evidence tending to prove the legality of its claim, denied the latter the opportunity of being heard, to which by law it was entitled. The decision of the trial court was therefore right, and should be affirmed.