| 41 | 403 |
|----|-----|
| 82 | 44 |

| 41 | 403 |
|----|-----|
| s2NW | 51 |
| 129 | 637 |

## SEYMOUR COOPER v. THE PEOPLE.

*Liquor prosecutions under municipal ordinance.*

The charter of Charlotte requires suits for penalties under liquor ordinances to be brought in the corporate name.  *Held* that such suits are not criminal prosecutions, but penal actions on the part of the city and cannot be maintained in the name of The People of the State of Michigan.

Error to Eaton.  Submitted June 20:  Decided July 3.

COMPLAINT for violation of city ordinance against keeping saloons open after nine o'clock in the evening.  Defendant was convicted and alleges error.

*M. V. & R. A. Montgomery* for plaintiff in error. The proceeding provided for in the ordinance is a civil proceeding to recover a penalty, Comp. L., § 2138; *In re Buddington*, 29 Mich., 472; *In re Sorenson*, id., 475; suit should be brought in the name of the city, which receives the penalty recovered, Act 250 of 1871, §§ 2, 55.

City Attorney *H. F. Pennington* for defendant in error.

GRAVES, J.  Cooper and one Joseph B. Mikesell were tried and convicted before a justice of the peace on a complaint charging them with having violated an ordinance of the city of Charlotte against keeping saloons open during certain hours of the night.  They appealed to the circuit court and were again convicted, but Mikesell died before judgment.  Cooper being ordered to pay $25 within twenty-four hours, and in default to be committed to jail until the payment of the fine, but not longer than thirty days, has brought error.

The objection that the suit was not maintainable in the name of the people was well taken.  We shall not consider the validity of the ordinance.  It is sufficient that it purports to be a local regulation made under special provisions of the charter, and contemplates the application of all pecuniary penalties to the use of the city.  The charter is express in requiring suits for the collection of such penalties to be brought in the corporate name, "City of Charlotte."  Charter Laws of 1871, vol. 2, p. 837, § 2; § 55, at p. 864.  Such cases are not criminal prosecutions.  They are penal actions on the part of the city, and have for their object the vindication of its own domestic regulations, and it is a mistake to

suppose the people have any right to sue. *Mixer v. Supervisors of Manistee County*, 26 Mich., 422.

It is not necessary to notice other questions. The proceedings must be set aside.

The other Justices concurred.