(6 Misc. Rep. 579.)

### ARHART et al. v. STARK.

(Superior Court of Buffalo, General Term. February 6, 1894.)

WITNESS—IMPEACHMENT—CONVICTION OF MISDEMEANOR.
> Judgment for penalty under a city ordinance for doing an act which is also a misdemeanor under the state law is not a conviction of a misdemeanor which may be shown (Code Civ. Proc. § 832) for the purpose of affecting credibility of such person as a witness.

Appeal from trial term.

Action by Charles Arhart and Charles H. Palmer against Hannah Stark to recover commissions alleged to have been earned by plaintiffs as real-estate agents. From a judgment entered on a verdict in favor of plaintiffs for $363.79, and from an order denying a motion for a new trial, made on the minutes of the court, defendant appeals. Reversed.

Argued before TITUS, C. J., and WHITE, J.

Harry D. Williams, for appellant.

George L. Kingston, for respondents.

WHITE, J. While the record presented to us fails to disclose what the issues in the case are, the briefs of counsel show that the action is brought to recover commissions alleged to have been earned by the plaintiffs, as real-estate agents, in the service of the defendant. The substantial question litigated upon the trial was one of fact, depending upon the credibility of the parties as witnesses for its solution by the jury. The defendant refused to testify, on cross-examination, whether or not she had been previously convicted of keeping a house of ill fame in the city of Buffalo; and thereupon the plaintiffs read in evidence a judgment of the municipal court of Buffalo convicting her of that offense, in violation of an ordinance of the city, which ordinance defines the act of keeping a house of ill fame within the city as disorderly conduct, and makes it punishable by a fine of not less than $5 nor more than $100, recoverable, under the charter of the city, by a civil action in that court. The defendant objected to the admission in evidence of the municipal court

judgment, and excepted to the ruling of the court admitting it, and that exception raises the only question upon which we are asked to pass on this appeal.

Section 832 of the Code of Civil Procedure provides that a person who has been convicted of a crime or misdemeanor is, notwithstanding, a competent witness in a civil or criminal action or special proceeding; but the conviction may be proved for the purpose of affecting the weight of his testimony, either by the record or by his cross-examination; and the plaintiffs claim that the conviction of the offense of keeping a house of ill fame, by the municipal court of Buffalo, was a conviction of a misdemeanor, within section 832 of the Code of Civil Procedure. The charter of the city of Buffalo authorizes its common council to enact ordinances defining and prescribing punishments for disorderly conduct; and pursuant to that authority the common council has defined the keeping of a house of ill fame to be disorderly conduct, and providing that the offense be punishable by a fine of not less than $5 nor more than $100, and imprisonment in default of its payment. Jurisdiction of an action in the name of the city against the offender, to recover a penalty, is given by the charter to the municipal court of Buffalo. The offense is a misdemeanor at common law, and also, by the terms of the Penal Code, punishable by criminal process and procedure. Two modes of punishment for the same offense are therefore prescribed. The fact that the state law characterizes the act or conduct constituting the offense as a misdemeanor, and the ordinance characterizes it as disorderly conduct, in no way affects or changes the essential quality of the act or conduct. In both instances the act or conduct is the same, namely, keeping a house of ill fame. It is an elementary principle in our criminal law that no person shall be twice vexed for the same cause. The claim made by the plaintiffs is that the conviction of the defendant by the municipal court of Buffalo, was, to all intents and purposes, and within the meaning of section 832 of the Code of Civil Procedure, a conviction of a crime or misdemeanor, and a bar to any further prosecution, by indictment or otherwise, for the same offense; and such, as we understand it, is the theory upon which the trial court disposed of the case, and admitted the judgment of conviction in evidence. Numerous decisions by the courts of other states are in accord with that view of the matter, but the law in the United States courts and this state seems to be that it is competent for the legislature to subject any particular offense both to a penalty and a criminal prosecution, and that a conviction in either case will not bar a conviction in the other, though the proceedings differ in method and time, the theory being that the two proceedings and conviction constitute but one punishment; and it is held that this principle applies to proceedings to punish an offense against a state law and a city ordinance, where they are conducted before different tribunals, and, further, that in an action to recover a penalty the judgment is not a conviction of a crime or misdemeanor. McLaughlin v. Stephens, 2 Cranch, C. C. 148; U. S. v. Holly, 3 Cranch, C. C. 656; Rogers v. Jones, 1 Wend. 237; City of Brooklyn v. Toynbee, 31 Barb. 282;

People v. Stevens, 13 Wend. 341; Wragg v. Penn Tp., 94 Ill. 11; People v. Miller, 38 Hun, 82. In the last-cited case the defendant, Miller, was convicted of the offense of keeping a house of ill fame in the city of Buffalo, by a justice of the police. The Erie county court of sessions reversed the conviction, and the general term of the supreme court, in this department, sustained the reversal on the ground, as the report of the case says, that the record did not show that the defendant was charged with being a disorderly person. But in view of the fact that, according to the same report of the case, the charge made against her was that she kept a house of ill fame, in violation of an ordinance of the city, and as the ordinance defines the act of keeping a house of ill fame as disorderly conduct, it is difficult to comprehend why the record did not show that she was charged with disorderly conduct. It is apparent that the general term intended to recognize and distinguish the modes of punishment for the same offense prescribed by the state law and the ordinance, respectively,—the one making the offense punishable by indictment and criminal methods, as a misdemeanor, and the other making the same offense punishable by a civil action for a penalty, as disorderly conduct,—and holding that because the defendant was in terms charged with keeping a house of ill fame, instead of being in terms charged with being a disorderly person, as defined by the ordinance, the civil action for the offense charged was not the appropriate remedy, and that therefore, and for that reason, her conviction by the justice of the police was not justified in law. This was in effect an approval of the principle of double legislation. It follows that the exception by the defendant to the admission in evidence of the municipal court judgment was well taken, and that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to abide the event.