Argued 24 March, decided 6 April, 1903.

## CRANOR *v.* ALBANY.

[71 Pac. 1042.]

MUNICIPAL CONTROL OVER SALES OF LIQUORS ON SUNDAY.

1. A municipal power to "regulate, restrain and prohibit" the sale of liquors necessarily includes the power to make and enforce any reasonable rules in reference thereto, of which an inhibition of Sunday sales is an instance.

MUNICIPAL CONTROL OVER LIQUOR SELLING — STATUTES.

2. A municipal power to "regulate, restrain and prohibit" the sale of liquors, provided that each applicant for a license shall present a bond of a certain amount and with certain conditions, is not limited by the terms of the proviso, except as to the conditions under which a license may be granted,—in other words, the power conferred may be exercised otherwise than by licensing.

INFORMATION — DUPLICITY — CONJUNCTIVE ALLEGATION.*

3. Where a statute or a city ordinance prohibits the doing disjunctively of any of several stated acts, the information may charge the commission of all the acts conjunctively.

CONSTITUTIONAL RIGHT TO A JURY TRIAL.

4. The right of trial before a jury secured by constitutional provisions† is the right as it existed when such provisions were adopted, and does not include minor offences before justices and police magistrates, such as violations of city ordinances regulating the sales of liquors.

APPEAL — PRESUMPTION AGAINST ERROR.

5. Where the transcript does not contain all the record necessary to the determination of a disputed question, it will be presumed that there was no error: for example, in the absence of the city ordinances it will be presumed, in favor of the judgment below, that there was an ordinance authorizing the court to tax against an accused person the costs of a successful liquor prosecution.

From Linn: REUBEN P. BOISE, Judge.

The appellant, H. L. Cranor, was arrested under a warrant issued out of the Recorder's Court of the City of Albany, charged with the violation of a city ordinance which provides, among other things, that, if any person duly licensed to engage in the sale of spirituous, fermented, malt, or vinous liquors within the city "shall sell, give away, or in any manner dispose of, or suffer, permit, or allow to be sold, given away, or in any manner disposed of, on the first day of the week, commonly called Sunday, any spirituous, fermented, malt, or vinous liquors," he shall, upon conviction thereof before the recorder's court, be punished by a fine of not less than $50 nor more than $100,

---

*NOTE.— See, also, *State* v. *Humphreys*, 43 Or. 44.          REPORTER.

†Const. U. S. Sixth Amendment; Const. Or. Art. I, § 11.

or by imprisonment in the city jail for not less than twenty-five days, nor more than fifty days, or by both such fine and imprisonment, at the discretion of the court. The information upon which the warrant was issued charges, in substance, that on the twenty-sixth of January, 1902, the plaintiff, at his saloon in the City of Albany, did willfully and unlawfully, "on said date, the same being the first day of the week, commonly called Sunday, sell, give away and dispose to one O. M. Hickey one half pint of whisky, the same being spirituous, fermented, malt, and vinous liquor, and received therefor the sum of twenty-five cents (25c.), he, the said defendant, then and there being duly licensed to engage, and was engaged, in the sale of spirituous, fermented, malt, and vinous liquor within the said City of Albany, contrary to the ordinance in such cases made and provided, and against the peace and dignity of the city." A demurrer to the information on the grounds (1) that it stated more than one cause of action, (2) that the court had no jurisdiction of the crime or misdemeanor charged therein, and (3) that it did not state facts sufficient to constitute a cause of action, was overruled. The appellant thereupon entered a plea of not guilty, and moved the court for a trial before a jury, which motion was also denied. A trial before the recorder resulted in a judgment of conviction and a sentence that the appellant pay a fine of $50 and the costs and disbursements of the action, taxed at $9.85. He afterward brought the record before the circuit court by a writ of review, where the judgment was affirmed, and he appeals. 　　AFFIRMED.

For appellant there was a brief over the names of *W. R. Bilyeu* and *Lauflin M. Curl,* with an oral argument by *Mr. Curl.*

For respondent there was a brief over the names of

*Weatherford & Wyatt* and *Hewitt & Sox*, with an oral argument by *Mr. J. R. Wyatt.*

MR. JUSTICE BEAN, after stating the facts in the foregoing words, delivered the opinion of the court.

1. It is contended, first, that the ordinance for the violation of which the plaintiff was arrested, tried, and convicted is invalid, because not within the power of the city to enact. By subdivision 9 of section 34 of the charter of Albany (Sp. Laws 1901, p. 314), the common council is given power and authority "to tax, license, regulate, restrain, and prohibit the sale of spirituous, vinous, or malt liquors, bars, barrooms, drinking shops, and tippling-houses," etc., provided that each applicant for a license shall present to the council at the time of making application a bond in the sum of $1,000, with two or more sureties, conditioned that he will keep an orderly house, etc.; that no license for the sale of spirituous, vinous, or malt liquors shall issue for a less sum than is prescribed by the general laws of the state, or for a less period than six months, or more than one year, or to any woman or minor, or to any person who shall permit any woman, girl, or male minor to frequent his place of business, either as guest, servant, waiter, etc., and that if, after license shall have been granted, the person to whom it is issued, or any one in his employ, shall give or sell liquor to a common drunkard or intoxicated person, or to any woman, girl, minor, or Indian, or shall permit any woman or girl or minor to frequent or to loiter about his place, and shall be found guilty thereof before any court having jurisdiction, or shall be found guilty of violating the provisions of any ordinance that now is or hereafter may be in that behalf passed, such judgment of conviction shall be a revocation of his license, and he shall not be granted another license for the period of one year; but such revocation

shall not in any manner operate to release the person or persons to whom the same has been granted from the penalty or punishment provided by the ordinance for the violation of any of the provisions of the act. The authority to regulate, restrain, and prohibit the sale of spirituous, vinous, or malt liquor necessarily confers the power to make and enact any reasonable ordinance or regulation in reference thereto, and an ordinance inhibiting the sale of such liquor on Sunday is within the just exercise of such power. This has been so often held by the courts that we need only call attention to some of the authorities: 17 Am. & Eng. Ency. Law (2 ed.), 288; *Piqua* v. *Zimmerlin*, 35 Ohio St. 507; *Decker* v. *Sargeant*, 125 Ind. 404 (25 N. E. 458); *State* v. *Ludwig*, 21 Minn. 202; *Schwuchow* v. *City of Chicago*, 68 Ill. 444.

2. Nor is the power of the City of Albany to regulate, prohibit, and restrain the sale of such liquor limited or confined to the matters contained in the subsequent specific provisions of the section, which are in no sense restrictive of the general powers previously conferred, except in so far as they may affect the conditions under which a license may be issued and the duties of the licensee.

3. It is next urged that the information or complaint filed in the recorder's court against the plaintiff charges more than one crime, as it alleges that he did "sell, give away, and dispose" of spirituous liquor, etc. The ordinance makes it an offense for any person duly licensed to engage in the sale of spirituous liquors within the city to sell, give away, or in any manner dispose of on the first day of the week, commonly called Sunday, any spirituous, fermented, malt, or vinous liquors. Under the doctrine of *State* v. *Carr*, 6 Or. 133, and subsequent decisions (*State* v. *Bergman*, 6 Or. 341; *State* v. *Dale*, 8 Or. 229), it is competent for the prosecution, where the statute makes it a crime to do either of several things stated disjunctively,

to embrace the whole in a single count, using the conjunction "and" where "or" occurs in the statute, and hence the information is not open to the objection urged.

4. Next, it is insisted that it was error of the recorder's court to overrule the motion for a trial before a jury. By section 43 of the charter of Albany the recorder is given jurisdiction of all crimes and offenses defined and made punishable by any ordinance of the city, and of actions brought to recover or enforce any forfeiture or penalty, without a jury. A similar provision of a city charter was held constitutional and valid in *Wong* v. *City of Astoria*, 13 Or. 538 (11 Pac. 295), and this is in accordance with the general doctrine on the subject. Constitutional provisions securing· to litigants the right to a trial by jury are construed as preserving the right in substance as it existed at the time of their adoption, and in the class of cases to which it then applied. They are generally regarded as having no application to the prosecution of minor and trivial offenses before justices and police magistrates, as such offenses were summarily punished at common law: 6 Am. & Eng. Ency. Law (2 ed.), 978; *Byers* v. *Commonwealth*, 42 Pa. 89. The section of the city charter giving the recorder jurisdiction of all crimes and offenses defined and made punishable by ordinance, and the power to try persons accused thereof without a jury, is constitutional and valid. Nor is it in any way modified or qualified by the provisions of Ordinance No. 156. This ordinance was adopted in 1887, while the charter was passed in 1901, and continued in force only such ordinances or parts of ordinances as were not in conflict with its provisions.

5. It is next contended that the recorder was in error in taxing the costs of the prosecution against the appellant. As a general rule, costs are not allowed unless pursuant to some statute. The record, however, does not contain the

ordinances of Albany that provide for the trial of persons guilty of offenses against the city, and we must, therefore, assume in favor of the judgment that the taxation was in pursuance of a valid ordinance to that effect, and we are in a measure supported by what purports to be such an ordinance printed in one of the briefs.

Finding no error in the record, the judgment of the court below is affirmed.                    AFFIRMED.

Decided 8 June, 1903.