## STATE v. CRAWFORD.

[113 Pac. 440.]

WITNESSES—IMPEACHMENT—CONVICTION OF CRIME—CONVICTION UNDER
    MUNICIPAL ORDINANCE.

A conviction under a city ordinance is not of a crime within Section
863, L. O. L., permitting the impeachment of a witness by showing that he
has been convicted of crime, since Section 23, subd. 2, Article IV, Con-
stitution of Oregon, provides that all criminal laws shall be uniform,
and, as a municipal ordinance is a local law, it cannot be a uniform
criminal law, and hence such a conviction is not a conviction of a crime
under the general laws.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE BEAN.

The defendant, Emma Crawford, was convicted of the crime of larceny from the person, sentenced to the penitentiary for a period of two years, and appeals. Upon the trial defendant testified in her own behalf, and in rebuttal the State, for the purpose of impeaching defendant, over the objection of her counsel, introduced in evidence five certified copies of the record of convictions in Portland's municipal court for "disorderly conduct," "visiting an opium joint," and like offenses on and between May 16, 1906, and January 30, 1909, in violation of Ordinance No. 14,049, for which in each case a fine of $10 was imposed. While these records contain some of the elements of an offense prohibited by statute, they do not show a complete crime under the statute of this State. To their admission in evidence counsel for defendant duly saved an exception, which constitutes the only question raised on this appeal.          REVERSED.

For appellant there was a brief over the names of Mr. Charles A. Petrain and Mr. John F. Logan, with an oral argument by Mr. Logan.

For the State there was a brief over the names of Mr. George J. Cameron, District Attorney, R. E. Dennison and

*Mr. Joseph H. Page,* with an oral argument by *Mr. Cameron.*

MR. JUSTICE BEAN delivered the opinion of the court.

The contention of defendant's counsel is that a witness cannot be impeached by showing a prior conviction for violating a city ordinance, for the reason that such an offense is neither a felony nor a misdemeanor within the meaning of Section 863, L. O. L., while counsel for the State claim the reverse. The statute referred to provides that a witness may be impeached by the party against whom he is called by contradictory evidence, or by evidence that his general reputation for truth is bad, or that his moral character is such as to render him unworthy of belief, but not by evidence of particular wrongful acts, except it may be shown by the examination of the witness, or the record of the judgment that he has been convicted of a crime. Crimes are either felonies or misdemeanors. Section 1370, L. O. L.

In *State* v. *Bacon,* 13 Or. 143 (9 Pac. 393: 57 Am. Rep. 8), this court held that it is proper to show by an examination of a witness that he has been convicted of either a felony or misdemeanor, and the record may be introduced to prove such fact. Also, under Section 1534, permitting the accused to be a witness in his own behalf, and Sections 863, 870, a witness may be impeached by showing a prior conviction of crime, and the accused, as a witness in his own behalf, may be impeached in the same manner as any other witness. *State* v. *Deal,* 52 Or. 570 (98 Pac. 165.) In the case of *Portland* v. *Erickson,* 39 Or. 1 (62 Pac. 753) relied upon by counsel for the State in this cause, it was ruled in effect that a prosecution for violation of a city ordinance was an offense within the inhibition of Section 12, Article I, of the State constitution, which provides that no person shall be put in jeopardy twice for the same offense, but it does not follow

that such an offense is a crime within the purview of Section 863. It has been held that prosecutions for the violation of city ordinances are not criminal actions: *Wong* v. *City of Astoria,* 13 Or. 538 (11 Pac. 295); *Cranor* v. *Albany,* 43 Or. 144 (71 Pac. 1042); *Madison* v. *Horner,* 15 S. D. 359 (89 N. W. 474); *Cooper* v. *People,* 41 Mich. 403 (2 N. W. 51); *Mankato* v. *Arnold,* 36 Minn. 62 (30 N. W. 305); *Delaney* v. *Police,* 167 Mo. 667 (67 S. W. 589); *Fortune* v. *Wilburton,* 142 Fed. 114 (73 C. C. A. 338: 4 L. R. A. (N. S.) 782.).

In *Arhart* v. *Stark,* 6 Misc. Rep. 579 (27 N. Y. Supp. 301), a civil case, under a statute providing that a prior conviction for a crime or misdemeanor might be proved for the purpose of affecting the weight of a witness' testimony, the ruling was that admitting the evidence of a judgment of the municipal court of Buffalo, convicting defendant of keeping a house of ill fame in violation of a city ordinance was reversible error. By the terms of the penal code of that state the offense was punishable by criminal procedure. A collation of authorities upon the law relating to the proof of crime for the purpose of affecting the credibility of a witness is found in *Koch* v. *State,* 126 Wis. 470, 478 (106 N. W. 531, 534: 3 L. R. A. (N. S.) 1086, 1089), where, after an elaborate discussion, Mr. Justice Kerwin observes:

"We are therefore forced to the conclusion upon principle and authority that the term 'criminal offense,' within the meaning of Section 4073, Rev. St. 1898, includes misdemeanors as well as felonies, but that conviction under a municipal ordinance is not a conviction of a criminal offense within the meaning of such statute."

See, also, *Coble* v. *State,* 31 Ohio St. 100; *Stoltman* v. *Lake,* 124 Wis. 462 (102 N. W. 920). No offense is a crime which does not violate the law of the land: *People* v. *Manistee Co.,* 26 Mich. 423; *Northville* v. *Westfall,*

75 Mich. 603 (42 N. W. 1068) ; *McInerney* v. *Denver,* 17 Colo. 302 (29 Pac. 516).

The Constitution of Oregon, (Section 23, Article IV, subd. 2), makes provision that in criminal laws there shall be uniformity. Hence it is obvious that the power to pass general criminal laws was not delegated to· the city of Portland by its charter, under authority of which the ordinance referred to was enacted. This renders it unnecessary to consider the language of the charter authorizing the enactment of the ordinance. The ordinance under which the criminal proceedings were brought is unquestionably not a general criminal law of the State, but a local law, and an infringement of its provisions is necessarily punished iń a summary manner. A conviction under a municipal ordinance, therefore, is not a conviction of a crime within the meaning of Section 863, L. O. L., providing the manner of impeaching a witness.

Admitting the evidence of the record of convictions as without doubt prejudicial to the substantial rights of the defendant, it follows that the judgment of the lower court must be reversed, and a new trial granted; and it is so ordered.                           REVERSED.