PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ELIZABETH McCARTHY, Defendant.

County Court, Erie County, June, 1923.

**Appeals — City Court of Buffalo — appeals from convictions for violating ordinances which provide for summary imprisonment or fining, or both, should be to the County Court; all other appeals should be to the Supreme Court — uncorroborated testimony of police officer.**

Appeals from convictions in the City Court of Buffalo for the violation of ordinances providing for a prison sentence should be to the County Court of Erie county as provided by section 76 of the City Court Act, and all other appeals should be to the Supreme Court as provided by section 55 of said act.

Section 25 of chapter IX of the city ordinances which prohibits soliciting on the streets for immoral purposes and provides for the summary imprisonment or fining or both of the offender is within the power of the city council to enact even though the same offense is punishable as a misdemeanor under the Code of Criminal Procedure, and the defendant may be convicted upon the uncorroborated testimony of a police officer.

The sentence of imprisonment imposed upon a conviction for a violation of said ordinance modified by suspending the execution of the balance thereof during the good behavior of the defendant and imposing a fine of fifty dollars, and as so modified the judgment of conviction will be affirmed.

APPEAL from a judgment of conviction.

*Samuel M. Fleischmann,* for appellant.

*William H. Hartzberg,* assistant district attorney (*Guy B. Moore,* district attorney), for respondent.

*Forbes F. Dougherty,* city attorney, *amicus curiæ.*

NOONAN, J.   The defendant has been convicted in the City Court of Buffalo of violating chapter IX, section 25, of the city ordinances, which prohibits soliciting on the street for immoral purposes, and is now appealing from the judgment of conviction. The question has been raised as to whether or not appeals in cases of this character should be taken to the Supreme Court or to the County Court.   Section 55 of the City Court Act (Laws of 1909, chap. 570) provides that appeals in civil causes shall be taken to the Supreme Court, Erie county, while section 76 provides that " A judgment upon conviction rendered by a judge of the city court of Buffalo sitting as a court of special sessions,   *   *   *, or magistrate, may be reviewed by the county court of the county as prescribed in title three, part five of the code of criminal procedure."   §§ 749–772.   Thus there is no doubt as to the proper tribunal for appeals unless there is doubt as to the kind of cause that is being appealed.

Generally an action for the violation of a city ordinance is civil and not criminal in character.   *Fortune* v. *Incorporated Town of Wilburton,* 142 Fed. Rep. 114, citing McQuillan Mun. Ord. § 304; Dillon Mun. Corp. (3d ed.) §§ 411, 432, and many decisions; *Town of Lewiston* v. *Proctor,* 27 Ill. 414; *Matter of Cox,* 129 Mich. 635.   The ordinance under which the defendant herein is being prosecuted was enacted by the council of the city of Buffalo pursuant to the authority as given it by title II, section 13, subdivision 1, of the city charter, which reads as follows:   " § 13. The council shall, in addition to the authority conferred under general laws, from time to time enact ordinances:   (1) To define and prevent disorderly conduct; to prevent all disorderly assemblages, all disturbing noise, all drunkenness in public places; and to punish vagrants, beggars and disorderly persons as defined by law."

Pursuant to the authority given by the foregoing section of the city charter the council has duly enacted the ordinance under which the defendant has been convicted.   It is penal in character and provides for the summary imprisonment or fining, or both, of the offender.   Judged by the punishment to be inflicted, a violation of this ordinance is, in practical effect, a misdemeanor.

I think the framers of the charter foresaw the present situation and provided for it by title II, section 15, subdivision 5, which

Appellate Term, First Department, June, 1923. [Vol. 121

reads as follows: " (5) When an ordinance provides that a person convicted of a breach of it may be sentenced to confinement in the penitentiary, the person charged with a violation of such ordinance shall be proceeded against in the way provided by law for proceeding against persons charged with the commission of a criminal offense."

As long as the charter provides that violation of certain ordinances which are penal in character are to be prosecuted as criminal offenses, it logically follows that appeals from convictions for violations of such ordinances should be to the County Court of Erie county, as provided by section 76 of the City Court Act, and all other appeals should be to the Supreme Court, as provided by section 55 of the said act. *City of Buffalo* v. *Preston,* 81 App. Div. 480. The city council has the power to enact this ordinance. Charter, tit. II, § 13; *City of Buffalo* v. *Preston, supra.* This is so even if the Code of Criminal Procedure provides punishment for the same offense. *Arhart* v. *Stark,* 6 Misc. Rep. 579, 581.

It is also urged on behalf of the appellant that there should be no convictions, in cases of this character, upon the uncorroborated testimony of a police officer. I do not know of any authority to support this claim. There is no statutory requirement for it, and there is nothing in the local situation to make such a rule necessary. The local magistrate should be left free to judge each case on its merits without any arbitrary limitations.

There is sufficient evidence to warrant the affirmance of the judgment, but I think the sentence may be properly modified by suspending the execution of the balance of the sentence during good behavior, and imposing a fine of fifty dollars to be paid forthwith, and as modified affirmed. An order may be entered accordingly.

Judgment as modified affirmed.