## NEAL v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. July 14, 1924.)

No. 6411.

**1. Courts ⊜⇒348—Rules of evidence governing federal courts in Western district of Oklahoma are those in force when Oklahoma was admitted.**

The rules of evidence governing federal courts in criminal cases arising in the Western district of Oklahoma, being formerly Oklahoma Territory, are those in force in that territory when Oklahoma was admitted as a state.

**2. Witnesses ⊜⇒345(2)—Conviction of violating municipal ordinance improperly admitted to discredit witness; "crime."**

Violation of a municipal ordinance is not a "crime," within Comp. Laws Okl. 1909, § 5838, Rev. Laws Okl. 1910, § 5046, and Comp. St. Okl. 1921, § 585, making convictions of crime admissible as affecting credibility of a witness.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Crime.]

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Clarence Neal was convicted of possession in Indian country, and sale to an Indian, of intoxicating liquor, and he brings error. Reversed, with instructions.

W. R. Withington, of Oklahoma City, Okl., for plaintiff in error.

W. A. Maurer, U. S. Atty., and James A. Ingraham, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before STONE and KENYON, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. Plaintiff in error, hereinafter called defendant, was tried upon an indictment containing two counts. The first charged possession of in-

toxicating liquor in Indian country, and the second charged a sale of intoxicating liquor to an Osage Indian, contrary to the provisions of the Act of May 25, 1918, § 1, 40 Stat. 563 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4137aa), Act of July 23, 1892, 27 Stat. 260 (Comp. St. §§ 4136a, 4140), and Act of January 30, 1897, 29 Stat. 506 (Comp. St. § 4137). Defendant was convicted and sentenced on both counts.

At the trial in the examination of the principal witness for defendant the following occurred:

"Q. You have been convicted in the police court up at Bartlesville, haven't you, for having whisky or possession of or selling it?

"Mr. Withington: Objected to as incompetent, irrelevant, and immaterial. A violation of police court is not a conviction that would affect the credibility of a witness.

"The Court: Overruled.

"Mr. Withington: Exception.

"The Court: Specify the time and place.

"Q. July 26, 1919.

"The Court: Where?

"Q. Bartlesville.

"The Court: Now the question is complete.

"Mr. Withington: Objected to as incompetent, irrelevant, and immaterial, and not a permissible way to show the credit of the witness.

"The Court: Overruled.

"Mr. Withington: Exception.

"A. I don't remember the date I was convicted there. I had a quart of liquor on my table there."

The admission of this evidence is assigned as error. At the oral argument counsel for defendant abandoned the remaining assignments of error.

[1] The Western district of Oklahoma embraces that part of the state of Oklahoma which was formerly Oklahoma Territory. The rules of evidence governing federal courts in criminal cases arising in that district are those which were in force in Oklahoma Territory at the time of the admission of Oklahoma as a state. Withaup v. U. S. (C. C. A. 8) 127 Fed. 530, 62 C. C. A. 328; Ding v. U. S. (C. C. A. 9) 247 Fed. 12, 159 C. C. A. 230; Brown v. U. S. (C. C. A. 6) 233 Fed. 353, at page 355, 147 C. C. A. 289, L. R. A. 1917A, 1033; Maxey v. U. S. (C. C. A. 8) 207 Fed. 327, 125 C. C. A. 77; Knoell v. U. S. (C. C. A. 3) 239 Fed. 16, 152 C. C. A. 66; Logan v. U. S., 144 U. S. 263, 300, 12 Sup. Ct. 617, 36 L. Ed. 429; U. S. v. Reid, 12 How. 361, 363, 365, 13 L. Ed. 1023.

In Withaup v. U. S., supra, this court, referring to the Reid Case, said:

"Applying the principles of that decision, it is obvious that it was the purpose of Congress, save where it had legislated otherwise, or should do so in the future, to refer the courts of the United States in the new state to the known and established rules concerning evidence in criminal cases which were in force in Colorado at the time when the judiciary and crimes acts were given the same operation in that state as in other states, which was when Colorado was admitted into the Union as a state."

In the case of Ding v. U. S., supra, the Circuit Court of Appeals of the Ninth Circuit, laid down the rule as follows:

"While the decisions upon the question discussed are not as clear as they might be, yet, when we accept the doctrine of Reid v. United States, supra, to be that neither the common law as it existed at the time of the emigration of the colonists nor the rule which at that time prevailed in England is controlling upon the subject, but that the known rules which were in force in the respective states at the time of their creation are, unless Congress has specially otherwise provided, it leads to the view that the court should have followed the rule which the local courts adopted in their usual daily practice when the state of Washington was admitted into the Union."

[2] From 1893 to the date of the admission into the Union of the state of Oklahoma the following statute was in force in Oklahoma Territory:

"No person shall be disqualified as a witness in any civil action or proceeding, by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of a crime; but such interest or conviction may be shown for the purpose of affecting his credibility." Stat. of Oklahoma Territory 1893, § 4209.

It has been carried forward as a part of the body of the statute law of the state of Oklahoma. See section 5838, Comp. Laws Oklahoma 1909; section 5046, Rev. Laws Oklahoma 1910; section 585, Comp. Okla. Stat. 1921.

Similar statutes have been enacted in many states of the Union. Under them it is generally held that proof of former conviction of a witness of any crime, regardless of grade, may be shown. Quigley v. Turner, 150 Mass. 108, 22 N. E. 586; State v. Heusack, 189 Mo. 295, 88 S. W. 21; State v. Henson, 66 N. J. Law, 601, 50 Atl. 468, 616; Koch v. State, 126 Wis. 470, 106 N. W. 531, 3 L. R. A. (N. S.) 1086, 5 Ann. Cas. 389; State v. Overland, 68 Wash. 566, 123 Pac.

1011; Thompson v. Bankers' Mutual Insurance Co., 128 Minn. 474, 151 N. W. 180, Ann. Cas. 1916A, 277; State v. Vanasse, 42 R. I. 278, 107 Atl. 85; Murray v. U. S., 53 App. D. C. 119, 288 Fed. 1008; State v. Turner, 115 Wash. 170, 196 Pac. 638. In Illinois and Connecticut only conviction of those classes of crimes which disqualified a witness at common law can be shown. Matzenbaugh v. People, 194 Ill. 108, 62 N. E. 546, 88 Am. St. Rep. 134; Drazen v. New Haven Taxi Cab Co., 95 Conn. 500, 111 Atl. 861. This was formerly the rule in Washington. State v. Payne, 6 Wash. 563, 34 Pac. 317.

While we find no Oklahoma decision on the question, it is generally held that a violation of a municipal ordinance is not a crime, and a conviction thereunder cannot be shown. Arhart v. Stark, 6 Misc. Rep. 579, 27 N. Y. Supp. 301; Meredith v. Whillock, 173 Mo. App. 542, 158 S. W. 1061; State v. Taylor, 98 Mo. 240, 11 S. W. 570; Koch v. State, supra; Gillman v. State, 165 Ala. 135, 51 South. 722; Coble v. State, 31 Ohio St. 100; August v. Finnerty, 30 Ohio Cir. Ct. R. 330; People v. Manistee Co., 26 Mich. 422; Redsecker v. Wade, 69 Or. 153, 134 Pac. 5, 138 Pac. 485, Ann. Cas. 1916A, 269; State v. Crawford, 58 Or. 116, 113 Pac. 440, note Ann. Cas. 1913A, 327.

So far as we have been able to discover only one jurisdiction lays down a contrary rule. See State v. Nichols, 121 Wash. 406, 209 Pac. 689.

In the case of Glover v. U. S. (C. C. A. 8) 147 Fed. 426, 77 C. C. A. 450, 8 Ann. Cas. 1184, this court, citing State v. Taylor, supra, and Coble v. State, supra, said:

"The general rule is that the crime must rise to the dignity of a felony or petit larceny. State v. Taylor, 98 Mo. 244, 11 S. W. 570; State v. Kelsoe, 76 Mo. 507; State v. Donnelly, 130 Mo. 651, 32 S. W. 1124; Coble v. State, 31 Ohio St. 100; Glenn v. Clore, 42 Ind. 60. Whatever may be the limit in this respect, nothing short of a conviction of a crime is admissible for the purpose of impeachment."

Therefore, under the law as it existed in Oklahoma Territory at the time of the admission of Oklahoma as a state, it was not proper to show the former conviction of a witness for the violation of a municipal ordinance.

It may be, under the doctrine of Rosen v. U. S., 245 U. S. 467, 38 Sup. Ct. 148, 62 L. Ed. 406, that the rules of evidence which prevailed in Oklahoma Territory at the time of the admission of Oklahoma into the Union are not to be inflexibly applied in the federal courts of that district, but are subject to modification from time to time as the trend of judicial authority and legislative enactment require. Suffice it to say that, while legislative enactment has broadened the rule, neither the trend of statute law nor judicial decision requires a modification thereof, so as to permit proof of conviction under a municipal ordinance.

The cases cited in the brief for defendant in error from other circuits holding it permissible to show former conviction of a witness of a violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) are not in point, for the reason that a violation of that act is a crime.

We believe the admission of the evidence objected to was prejudicial error, and requires a reversal of the case, with instructions to grant the defendant a new trial. It is so ordered.

STONE, Circuit Judge, concurs in the result.